[Civ. No. 12120. Third Dist. Feb. 24, 1970.

MILDRED SAVAGE et al., Plaintiffs and Appellants, v.
STATE OF CALIFORNIA et al., Defendants and Respondents.

## COUNSEL

Ross L. Bigler for Plaintiffs and Appellants.

Thomas C. Lynch, Attorney General, Robert L. Bergman, Deputy Attorney General, Robert E. Friedrich and Jay R. Mayhall for Defendants and Respondents.

## OPINION

**BRAY, J.***—Plaintiffs appeal from judgment of dismissal of action against defendant State of California based on Order Sustaining Demurrer to Complaint and Supplement to Complaint without leave to amend.

### QUESTION PRESENTED

Is there substantial compliance with the provisions of division 3.6 of the Government Code entitled "Claims and Actions against Public Entities and Public Employees" where filing of claim is waived by court order after suit is brought?

### RECORD

Plaintiffs were injured as a result of a collision on November 6, 1966, between a Greyhound bus in which plaintiffs were riding, and a vehicle owned and operated by the State of California (hereinafter "State"). Plaintiffs failed to file a claim for damages with the State Board of Control within 100 days as required by sections 911.2 and 945.4 of the Government Code.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

On November 1, 1967, pursuant to sections 911.4 and 911.6, plaintiffs applied to the Board of Control for leave to present a late claim. On November 2, 1967, plaintiffs filed complaint in this action against the State and other defendants for damages for injuries alleged to have been sustained in said accident. The complaint alleged that plaintiffs had previously filed, and there was now pending, a late claim application with the State and that if said application was denied, plaintiffs "will take such further action as may be necessary to make . . . said Claim a valid Claim against said state, and to make said state a legal defendant in this action or otherwise to bring another action and cause it to be merged with this action." On December 5, 1967, the Board of Control denied plaintiffs' application. On December 18, pursuant to section 946.6, plaintiffs filed in Siskiyou County Superior Court a petition for an order relieving plaintiffs from the provisions of section 945.4 (which section requires the presentation of a claim before an action is brought against a public entity). The application was granted on January 8, 1968. On February 1, plaintiffs filed in the court below a "Supplement to Complaint" setting up the facts relating to the granting of relief from the late filing of the claim.[1] State's demurrer to the complaint and supplement to complaint was sustained without leave to amend by the Shasta court. Judgment of dismissal was entered.

### Was There Substantial Compliance With the Claims Act?

Section 911.2 provides "[a] claim relating to a cause of action for death or for injury to person or to personal property . . . shall be presented . . . not later than the 100th day after the accrual of the cause of action."

Section 945.4 states in pertinent part ". . . no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . *until a written claim therefor has been presented* to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . ." (Italics added.)

Section 946.6 provides that where an application for leave to file a late claim is denied by the public entity (here the Board of Control) the superior court may grant an application for relief from the provisions of section 945.4. If an order is granted relieving the petitioner from the provisions of that section, suit on the cause of action to which the claim relates must be filed in such court within 30 days thereafter.

The relevant statute of limitations ( § 340, subd. 3, Code Civ. Proc.—one

---

[1]By stipulation, plaintiffs' motion for change of venue to Shasta County (where the accident happened) was granted.

year in personal injury actions) was by reason of the court order granting plaintiffs permission to file the claim late, extended as to the cause of action against the State until 30 days after the making of said order (§ 946.6, subd. (b), Gov. Code).

Under the peculiar circumstances of this case, in view of the attitude of the courts that procedural requirements should be given liberal interpretations in order not to deprive a litigant of his day in court because of technical requirements, it would appear that, if possible, this court should endeavor to reconcile section 945.4, Government Code, requiring presentation of a claim against a public entity to be filed before suit is brought against that entity, with section 946.6, subdivision (b), extending the statute of limitations beyond the time prescribed in section 340, subdivision 3, Code of Civil Procedure.

Of considerable significance in this respect is the court order made under the provisions of section 946.6, subdivision (f), Government Code, "It is further ordered that suit on the causes of action to which the claim relates may be filed in this court within 30 days of the making of this order, *providing that suit has not been filed herein.*" (Italics added.)

It should be pointed out that in actual effect, section 946.6 is a remedial section which relieves the claimant of the necessity of filing *any claim at all* with the public entity. The section states "Where an application for leave to present a claim is denied . . . a petition may be made to the court for an *order relieving the petitioner from the provisions of Section 945.4.)*" (Italics added.) Thus, section 945.4, which requires the filing of a claim before suit, is necessarily modified by section 946.6 which permits the court to allow the bringing of suit without the necessity of filing a claim at all. It is immaterial whether the right to eliminate the filing of the claim is granted before or after suit.

In the case at bench, before the question as to the failure to file a claim before suit was raised, the supplemental complaint had been filed showing that the requirement that a claim be filed no longer applied.

Defendants cite cases like *Chas. L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77 [31 Cal.Rptr. 524], and *A. Teichert & Son, Inc.* v. *State of California* (1965) 238 Cal.App.2d 736 [48 Cal.Rptr. 225], which held that where rejection or disallowance of a claim has been made a condition precedent to the commencement of an action against the state thereon, it is the general rule that the claim does not ripen into a cause of action until such rejection. However, those cases, other than *Teichert,* were decided before the enactment in 1965 of section 946.6 of the Government Code, which provides for judicial relief from the bar to sue because of

nonpresentation of claim. Although *Teichert* was decided after the enactment of the section, it is distinguishable from the case at bench in that no proceeding had been taken under section 946.6 and the matter of its effect on the requirement of section 945.4 obviously was not considered.

No effect could possibly be given to section 946.6 if it is to be held that no cause of action accrues against the state if a claim is not filed.

Defendants contend that on obtaining relief from failure to comply with section 945.4, plaintiffs should have filed a new complaint and that filing a supplement to complaint was not sufficient. A somewhat analogous situation occurred in *Radar* v. *Rogers* (1957) 49 Cal.2d 243 [317 P.2d 17], where a claim against an estate was not filed until after suit brought and where a supplemental complaint was filed setting up the fact of the filing of the claim. It was there contended, as is contended in the instant case, that a supplemental complaint was not proper. In holding that the supplemental complaint adequately met the situation, the court pointed out that the original complaint stated a cause of action except for there being no allegation of the filing of the claim and that that was sufficient in the "absence of a plea in abatement." So here, there having been no plea in abatement, and that before the motion to dismiss was filed, the pleadings showed that the filing of a claim was unnecessary, the motion to dismiss should have been denied.

The order sustaining demurrer without leave to amend and the judgment of dismissal are reversed.

Pierce, P. J., and Regan, J., concurred.