[Civ. No. 65284. Second Dist., Div. Five. Apr. 20, 1983.]

LUCIA DAVALOS, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Richard A. Muench, Johnsen, Manfredi & Thorpe, George A. Manfredi and Susan M. Bernstein for Plaintiff and Appellant.

Rushfeldt, Shelley & McCurdy and Patrick J. McDonough for Defendant and Respondent.

**OPINION**

**STEPHENS, Acting P. J.**—Lucia Davalos (hereinafter appellant) appeals from an order dismissing her medical malpractice action pursuant to Code of

Civil Procedure section 583, subdivision (b).[1] Appellant's sole contention is that the dismissal was improper because the five-year period was tolled for approximately eight months, while she sought relief under the administrative claims procedure of Government Code section 910 et seq.[2]

The relevant facts are as follows: On February 6, 1975, appellant's husband died while a patient at a Los Angeles County hospital. The cause of death was allegedly the direct result of the medical staff's negligent care. Appellant became aware of this fact in January of 1976.

On January 14, 1976, appellant presented a claim to respondent, the County of Los Angeles. Said claim was denied by operation of law on March 1, 1976.

On February 2, 1976, appellant filed a complaint in the superior court for wrongful death (medical negligence) against respondent and various unknown defendants. On March 25, 1976, appellant filed a first amended complaint. That amended complaint alleged that respondent was a county and political subdivision of the State of California, and that a claim had been presented to respondent on January 14, 1976, but said claim was denied by operation of law 45 days after presentation thereof.[3]

On June 9, 1976, appellant petitioned for a notice of hearing and leave to present a late claim pursuant to Government Code section 912. On July 2, 1976, respondent filed a motion in opposition to appellant's petition for leave to present a late claim.[4]

On August 9, 1976, appellant petitioned the superior court for an order relieving her of the necessity of presenting a claim. (Gov. Code, § 946.6.)[5]

---

[1]Code of Civil Procedure section 583, subdivision (b), provides in relevant part: "Any action heretofore or hereafter commenced shall be dismissed by the court . . . after due notice to plaintiff . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

[2]Government Code section 911.2 states in pertinent part: "A claim relating to a cause of action for death or for injury to person . . . shall be presented . . . not later than the 100th day after the accrual of the cause of action."

[3]Government Code section 945.4 provides in part: "Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . ."

[4]The record does not clearly reflect the exact disposition of appellant's petition to file a late claim. It is presumed that said petition was denied.

[5]Government Code section 946.6 provides in part: "(a) Where an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from the provisions of Section 945.4 . . . if the petition is filed in a court which is not a proper court for the determination of the matter, the court, on motion of any party, shall transfer the proceeding to a proper court.

"(b) The petition must show (1) that application was made to the board under Section 911.4

That petition was granted on August 26, 1976, and appellant was ordered to file a suit within 30 days of the order. The order was entered on September 24, 1976.[6] On November 29, 1976, respondent filed an answer to appellant's first amended complaint, admitting that it was the county, organized under the laws of the State of California, but denying all other allegations.

On July 30, 1981, respondent filed a motion to dismiss pursuant to section 583, subdivision (b). On August 13, 1981, a trial setting conference was initiated. Appellant's action was set for trial on September 1, 1981. On August 14, 1981, respondent's motion to dismiss was granted. The trial court found that appellant's action was filed as of February 2, 1976, and was therefore not brought to trial within the five-year period prescribed by section 583, subdivision (b). The court additionally concluded that section 583, subdivision (b), was not tolled during the period beginning February 2, 1976, through February 2, 1981, and that appellant's failure to seek relief from the requirement of presenting a claim (Gov. Code, § 946.6) until August 16, 1976, did not toll the running of the time period set forth in section 583, subdivision (b).

On September 8, 1981, an order of dismissal was executed and filed. Appellant thereafter commenced this appeal.

### DISCUSSION

Appellant's complaint of February 2, 1976, was filed against the county and various Doe defendants to toll the applicable one year statute of limitations for wrongful death actions. ■ However, appellant's complaint was filed before compliance with Government Code section 945.4 was met, and as a consequence was premature and subject to a plea in abatement. (*Bahten* v. *County of Merced* (1976) 59 Cal.App.3d 101,112 [130 Cal.Rptr. 539]; *Cory* v. *City of Huntington Beach* (1974) 43 Cal.App.3d 131, 136 [117 Cal.Rptr. 475, 73 A.L.R.3d 1012]; *Savage* v. *State of California* (1970) 4 Cal.App.3d 793, 797 [84 Cal.Rptr. 650].) Before discussing the applicability of section 583, subdivision (b), we must first determine whether appellant has adequately complied with the Government Code statutes to bring any cause of action.

---

and was denied or deemed denied, (2) the reason for failure to present the claim within the time limit specified in Section 911.2 and (3) the information required by Section 910. The petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6.

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(f) If the court makes an order relieving the petitioner from the provisions of Section 945.4, suit on the cause of action to which the claim relates must be filed in such court within 30 days thereafter."

[6]Appellant presumably chose not to comply by filing a new action but, instead, merely proceeded on the original action filed February 2, 1976, and amended as of March 1976.

Appellant correctly points out that until September 24, 1976, her lawsuit of February 2 could not be advanced unless the court granted her leave from filing a claim. (Gov. Code, § 946.6.) That leave was granted with the condition that a new action be filed within 30 days of the court's order. (See Gov. Code, § 946.6, subd. (f).) Section 946.6, subdivision (f), entitled appellant to bring a valid cause of action as a matter of law. The fact that appellant never complied with subdivision (f) would not be deemed fatal in this instance. Section 946.6, subdivision (f), clearly states that "If the court makes an order relieving the petitioner from the [timely claim] provisions of [Government Code] Section 945.4, suit on the cause of action to which the claim relates *must* be filed in such court within 30 days thereafter." (Italics added.) However, "*where the complaint was actually on file when the order granting such relief was made,* such prematurely filed complaint satisfies the provisions of subdivision (f) of section 946.6 . . ., and the filing of a new pleading is unnecessary."[7] (*Bahten* v. *County of Merced, supra,* 59 Cal.App.3d at p. 107; italics added; see also *Savage* v. *State of California, supra,* 4 Cal.App.3d at p. 796.)

Since compliance with the Government Code claim statute is deemed met (excused), the underlying and dispositive issue to be determined is whether for purposes of section 583, subdivision (b), compliance with the Government Code claim statutes itself constitutes a situation evidencing impossibility, impracticability, or futility, thereby tolling the five-year limitation period. Additionally, to be discussed is whether appellant's premature complaint commences the running of the five-year period from the actual date of the filing of that complaint or from the date of the court order entered pursuant to Government Code section 946.6 which validated that otherwise void complaint.

Code of Civil Procedure section 583, subdivision (b), requires that a case be dismissed unless it is brought to trial within five years of the filing of an action. (*Goers* v. *Superior Court* (1976) 57 Cal.App.3d 72, 74 [129 Cal.Rptr. 29].) Dismissal is mandatory unless either a statutory or implied exception is met. (*White* v. *Renck* (1980) 108 Cal.App.3d 835, 841 [166 Cal.Rptr. 701].) While those exceptions must be strictly construed (*Martin* v. *Cook* (1977) 68 Cal.App.3d 799 [137 Cal.Rptr. 434]), ". . . an implied exception exists when the plaintiff is prevented by causes beyond his control from bringing the case to trial, and that in computing the five-year period the time during which he was thus prevented is to be excluded, whether the handicap results from a lack of jurisdiction in the strict sense or 'because proceeding to trial would be both im-

---

[7]In this particular case, the refiling of the complaint to conform with subdivision (f) would have been a mere formality. In other cases where the original complaint provides less than adequate notice to the defendant of the pending action or where a failure to refile results in substantial prejudice to defendant (see *Cory* v. *City of Huntington Beach, supra,* 43 Cal.App.3d at p. 136), full compliance with subdivision (f) is required. (See *Bahten* v. *County of Merced, supra,* 59 Cal.App.3d at p. 108.)

practicable and futile.'" (*Anderson* v. *City of San Diego* (1953) 118 Cal.App.2d 726, 729 [258 P.2d 842].) Finally, an action is commenced when the complaint is filed. (Code Civ. Proc., § 350.)

County argues that since more than five years had elapsed from the date of the filing of appellant's premature complaint, the dismissal was proper since neither a statutory exception (written stipulation) or implied exception was advanced.[8]

Appellant insists that although her complaint was originally filed in February as a matter of law, it was not until September 24, 1976, that she could pursue those claims against the county in the courts. She maintains her right to seek relief in the courts did not accrue until the administrative claims procedure was completed, and that during the almost eight months consumed by that procedure, it was impossible, impracticable, and futile to further her claim beyond her control. We disagree.

The time spent in complying with these administrative claims or relief from proceedings should not be excluded from the computation of the five-year period. Compliance with the Government Code is a *condition precedent* to filing an action against a governmental entity. (*Cory* v. *City of Huntington Beach, supra,* 43 Cal.App.3d at p. 135; *Todd* v. *County of Los Angeles* (1977) 74 Cal.App.3d 661, 664 [141 Cal.Rptr. 622]; see also Gov. Code, § 946.4.) If a viable action can be prosecuted only *after* compliance with the Government Code, compliance itself cannot affect section 583, subdivision (b)'s five-year period that commences with the filing of that action.

█ In situations such as the one presented here, where a premature complaint is filed and compliance with the Government Code is mandatory to further the action, compliance would still not toll the five-year period. Appellant concedes her original complaint failed to state a cause of action which would have subjected it to the county's demurrer or plea in abatement. (See *San Leandro Police Officers Assn.* v. *City of San Leandro* (1976) 55 Cal.App.3d 553, 558, 559 [127 Cal.Rptr. 856].) Compliance with the Government Code was therefore necessary to cure her defective complaint in a manner somewhat analogous to actions required to overcome a demurrer. "'. . . It is settled that the applied exceptions to the five-year period prescribed by section 583 do not contemplate "that time consumed by the delay caused by ordinary incidents of proceedings like disposition of demurrer . . . ."'" (*Moore* v. *Powell* (1977) 70 Cal.App.3d 583, 589 [138 Cal.Rptr. 914], quoting from *Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 546-548 [105 Cal.Rptr. 339, 503 P.2d 1347], disapproved on other grounds in *Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 722, fn. 5 [170 Cal.Rptr. 790, 621 P.2d 829].)

---

[8]No statutory exception was requested or executed.

Inasmuch as conformity with the Government Code does not toll the five-year period of section 583, subdivision (b), we address the issue of whether the five-year period commences running from the date of the originally filed complaint, or from the date of the court's 946.6 order. When a premature complaint has been filed, then the relief granted pursuant to section 946.6 should be deemed equivalent to a right to amend that premature complaint. Any amendment if filed would relate back to the date of the originally filed complaint. (*Black* v. *County of Los Angeles* (1976) 55 Cal.App.3d 920, 931 [127 Cal.Rptr. 916].) Thus, the five-year period of section 583, subdivision (b), would continue to run from the date of the originally filed complaint.

In this case, the relief granted under section 946.6 allowed appellant to continue her action without refiling her complaint in accord with subdivision (f). Here, the five-year period referred to in section 583, subdivision (b), would also commence to run from the date the complaint was originally filed. (See *Todd* v. *County of Los Angeles, supra,* 74 Cal.App.3d at p. 665.) The order itself merely perfected that original complaint as of the date of the original filing. (See *Thierfeldt* v. *Marin Hosp. Dist.* (1973) 35 Cal.App.3d 186, 204 [110 Cal.Rptr. 791].) Appellant, however, would have us hold that the filing of the complaint on February 2, 1976, was a void act considering her complaint was subject to general demurrer for failure to allege compliance with the claims statute. For us to hold that the court's order of September 1976 excusing compliance in effect *re*filed what was then a viable complaint would not remedy the situation. This would run afoul of the Code of Civil Procedure section 340, subdivision 3 requirement that a negligence action be filed within one year of maturity. (See *Savage* v. *State of California, supra,* 4 Cal.App.3d at pp. 795, 796.)

The order of dismissal is therefore affirmed.

Ashby, J., and Hastings, J., concurred.