[No. D004096. Fourth Dist., Div. One. Nov. 20, 1987.]

WILLIAM DONALD BELL et al., Plaintiffs and Appellants, v. TRI-CITY HOSPITAL DISTRICT, Defendant and Respondent.

COUNSEL

Stuart M. Eppsteiner, Patrick L. Prindle, John W. Jeffrey, Miller & Jeffrey and Miller & Gibbs for Plaintiffs and Appellants.

Robert A. Cosgrove, Martha L. McGill and Coppo & Cosgrove for Defendant and Respondent.

OPINION

WIENER, Acting P. J.—Plaintiffs William Donald Bell and Lillian Bell appeal from the judgment of dismissal entered after the demurrer of defendant Tri-City Hospital District (Tri-City) was sustained without leave to amend. The court's ruling was based on the Bells' failure to file an action against Tri-City within the 30-day period provided by Government Code section 946.6, subdivision (f)[1] after the Bells obtained relief from the claim presentation requirement of section 945.4.[2] We conclude, however, that the

---

[1] Unless otherwise specified all statutory references are to the Government Code. For convenience we will not include "subdivision" in our statutory references. Section 946.6(f) provides: "If the court makes an order relieving the petitioner from the provisions of section 945.4, suit on the cause of action to which the claim relates, must be filed in such court within 30 days thereafter."

[2] Section 945.4 provides in part: "Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the

Bells' first amended complaint which was on file at the time the court granted relief from the claim requirement adequately stated a cause of action against Tri-City despite the fact that Tri-City was not named in the caption of the complaint. It was therefore unnecessary for the Bells to file a new amendment to the complaint within the 30-day period. Accordingly, we reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

The Bells' action against Tri-City and others alleges medical negligence and use of a defectively designed and manufactured product in a series of unsuccessful surgeries performed on William Bell commencing in May 1983. In August 1984 the Bells discussed their problems with a lawyer who promptly served Tri-City with a "Notice of Intention to Commence Action Against a Health Care Provider" pursuant to Code of Civil Procedure section 364. Two days later the Bells filed their complaint alleging medical negligence and product liability against fictitiously named defendants only. On September 7, 1984, the Bells served Tri-City with their written claim and on September 27, 1984, applied for leave to file a late claim under section 911.4.[3] Tri-City denied the late claim application on October 25, 1984.

The Bells filed their first amended complaint on December 5, 1984, naming certain physicians and the manufacturer of the allegedly defective product as defendants in addition to 600 fictitiously named defendants. Tri-City was not named in the first amended complaint's caption and was not mentioned in the preliminary allegations setting forth the identities and capacities of the various defendants. Tri-City was named as a defendant in the eighth cause of action which alleged Tri-City negligently granted staff privileges to the defendant-physicians who had performed surgery on William Bell and therefore Tri-City was the proximate cause of Bells' injuries.[4] The

---

public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, . . ."

[3] Section 911.4 provides in pertinent part: "(a) When a claim that is required by Section 911.2 to be presented not later than the 100th day after the accrual of the cause of action is not presented within such time, a written application may be made to the public entity for leave to present such claim."

[4] The eighth cause of action alleged in part as follows: "61. Plaintiff husband is informed and believes and thereon alleges that at all times herein mentioned, defendant TRI-CITY HOSPITAL DISTRICT, owned operated and maintained TRI-CITY HOSPITAL, its affiliates and subsidiaries in San Diego County, California, pursuant to a license duly issued by the California State Department of Health.

". . . . . . . . . . . . . . . . . . . . . . . .

prayer of this complaint requested that damages be awarded against "defendants" without further specification.

After filing their first amended complaint, the Bells successfully petitioned the court for relief from the written claim requirement on April 18, 1985. The formal order granting relief was signed and filed on June 3, 1985. On August 8, 1985, the Bells filed an amendment to their first amended complaint substituting Tri-City for Doe 402, serving that complaint on Tri-City on August 12, 1985. Tri-City then successfully demurred on the ground the Bells' suit on the claim to which it related had not been filed within 30 days after June 3, 1985, as required by section 946.6(f).

## DISCUSSION

In order to succeed in this appeal, the Bells recognize they must establish that their complaint against Tri-City was filed on or before July 3, 1984, i.e., the last day of the 30 days following June 3, 1984, when they were given relief from the claim presentation requirement of the Tort Claims Act. ▮▮ The Bells' counsel on this appeal—the same counsel who drafted the complaint—has represented to us that he believed he could not properly file a complaint against a public entity before judicial relief from the claim presentation requirement had been granted. (See *Wilson* v. *People ex rel. Dept. Pub. Wks.* (1969) 271 Cal.App.2d 665 [76 Cal.Rptr. 906].) He therefore drafted a complaint so that Tri-City could be substituted as a Doe defendant at such time as the superior court granted relief. He relies on the fact that Doe amendments generally relate back to the date the original complaint was filed (see *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 599-600 [15 Cal.Rptr. 817, 364 P.2d 681]; *Munoz* v. *Purdy* (1979) 91 Cal.App.3d 942, 946 [154 Cal.Rptr. 472]) and argues that

---

"65. At all times herein mentioned TRI-CITY HOSPITAL, TRI-CITY HOSPITAL DISTRICT and DOES 501-550, owed a duty to the public, its patients and to plaintiffs herein to select, supervise, screen, review and observe those physicians, surgeons, and health care professions who provided services and products at their respective institutions, and to ensure that those physicians, surgeons, and health care professionals did so in a non-negligent manner and to ensure the adequacy of medical care rendered to its patients.

"66. Defendant TRI-CITY HOSPITAL, TRI-CITY HOSPITAL DISTRICT and DOES 501-550, and each of them, negligently and carelessly failed to meet their duties stated in paragraph 65 by allowing defendants Dr. W., Dr. W., Inc., and DOES 401 through 500, and each of them, to render inadequate and substandard medical care to plaintiff husband.

"67. As a direct and proximate result of defendant TRI-CITY HOSPITAL, TRI-CITY HOSPITAL DISTRICT and DOES 501-590, and each of their, negligence, defendants Dr. W., Dr. W., Inc., and DOES 401 through 500, and each of them, were allowed to and did cause injury to plaintiff husband as alleged in paragraphs 1 through 25 of the First Cause of Action above."

the 30-day requirement of section 946.6(f) does not apply to limit the time within which Doe amendments may be filed.

There is, unfortunately, a fundamental inconsistency between the argument framed by the Bells' counsel and the complaint he filed on their behalf. As a justification for invoking the Doe defendant procedure, counsel indicates he believed Tri-City could not properly be named as a defendant at the time the first amended complaint was filed. Yet the eighth cause of action in that first amended complaint does in fact name Tri-City as a defendant and specifically alleges the basis for a claim of negligence. This is, therefore, not a situation in which a complaint which states a cause of action against a fictitiously named defendant is later amended to indicate the defendant's true name and/or additional facts on which the claim is based. Instead, what we have is a complaint which states a cause of action against a named defendant but omits the name of that defendant from the caption of the complaint. Under these circumstances, it is not surprising that the trial judge, in sustaining Tri-City's demurrer, expressed skepticism at counsel's claim of ignorance within the meaning of Code of Civil Procedure section 474.

In any event, counsel's argument proceeds from an improper premise. Although *Wilson* v. *People* ex rel. *Dept. Pub. Wks., supra,* 271 Cal.App.2d 665 indicates that compliance with Tort Claims Act requirements is an element of a cause of action against a public entity which must be affirmatively pleaded, several later cases have questioned *Wilson's* broad language and reached conclusions inconsistent with its rationale. (See *Bahten* v. *County of Merced* (1976) 59 Cal.App.3d 101 [130 Cal.Rptr. 539]; *Cory* v. *City of Huntington Beach* (1974) 43 Cal.App.3d 131 [117 Cal.Rptr. 475, 73 A.L.R.3d 1012]; *Savage* v. *State of California* (1970) 4 Cal.App.3d 793 [84 Cal.Rptr. 650].) Each of these later cases relies by analogy on the Supreme Court's decision in *Radar* v. *Rogers* (1957) 49 Cal.2d 243 [317 P.2d 17]. *Radar* concerned a Probate Code provision which required that claims against an estate be presented to and rejected by the executor or administrator before suit could be brought on the claims. The statute also required that suit on a rejected claim be filed within three months of the rejection. The plaintiff in *Radar* filed an action for damages before an administrator for the estate was appointed. As a result, the complaint did not allege the claim had been presented to the administrator. After an administratrix was appointed, plaintiff filed a claim which was rejected. More than three months later, plaintiff filed a first amended complaint to which the administratrix successfully demurred on the ground that the pleading was not timely filed. The Supreme Court reversed, holding that since the administratrix had notice of the claim and the opportunity to

accept it before the amended complaint was filed, she had received every benefit with which the statute was designed to provide her. The court concluded, "[I]t would be highly technical to apply [Probate Code] section 714 to bar this complaint, which was not filed too late but, at worst, prematurely. The substantial rights of the estate are not affected by the procedure followed by plaintiffs." (*Id.* at p. 249.)

■ *Radar's* holding and rationale were directly applied in the governmental claims context in *Bahten* v. *County of Merced, supra,* 59 Cal.App.3d 101. With the exception of the defective caption, the facts of *Bahten* are quite similar to those in this case. The plaintiff filed a petition for leave to file a late claim with the public entity and four days later filed a complaint against that same public entity. The petition was later rejected. As in this case, the superior court granted plaintiff's request for relief from the claim presentation requirement (see § 946.6) but plaintiff failed to file an amended complaint alleging the superior court's order of relief until more than 30 days had passed. The *Bahten* court held, however, that it was unnecessary for the plaintiff to take any action within the 30-day period because he already had on file a "suit on the cause of action to which the claim relates, . . . ." (§ 946.6(f).) Relying substantially on *Radar* and *Cory* v. *City of Huntington Beach, supra,* 43 Cal.App.3d 131, the court explained that a prematurely filed complaint satisfied the requirements of section 946.6(f) because compliance with the tort claims prerequisites, being merely a procedural predicate to suit and not an element of a cause of action, need not be alleged in the complaint. *Bahten* distinguishes *Wilson* —pointing out among other things that the State of California was never named in any complaint filed before the expiration of the 30-day period—and also questions its continuing vitality: ". . . *Wilson* has been largely eroded by the liberal construction accorded the claims statute in *Cory* and *Savage, supra,* particularly as it relates to the premature filing of complaints and to the fulfillment of the statutory purposes by *means other than strict compliance* with the statute itself." (*Id.* at p. 113, italics in original.)

Arguably, *Wilson* was inconsistent with *Radar* at the time it was decided. In any event, we believe *Wilson* can no longer be relied on for the proposition that compliance with the tort claims procedures is an element of a cause of action against a public entity and, therefore, that a complaint naming a public entity cannot be filed before compliance is either achieved or excused. (See *Davalos* v. *County of Los Angeles* (1983) 142 Cal.App.3d 57, 61 [190 Cal.Rptr. 711]; but cf. *B & P Development Corp.* v. *City of Saratoga* (1986) 185 Cal.App.3d 949, 964 [230 Cal.Rptr. 192].)

█ If there is a fundamental governing principle which can be derived from *Radar* and its progeny, it is that substance must control over technical form. Here there is no question that the Bells' counsel, having failed to take any action within the 30-day period provided by section 946.6(f), compounded that problem by arguing the wrong theory to the trial court as to why compliance with the 30-day requirement was unnecessary. It is clear that reliance on the Doe defendant procedures of Code of Civil Procedure section 474 would be unavailing because counsel was not ignorant of a potential cause of action against Tri-City and because nothing precluded the Bells from naming Tri-City as a defendant before relief from the claim presentation requirement had been obtained. It is equally clear, however, that the Bells' first amended complaint *which named Tri-City as a defendant* in the eighth cause of action constituted a premature complaint under *Bahten* which might obviate the need for the Bells to take any action within the 30-day period. The only question is whether that complaint's failure to identify Tri-City in the caption renders it insufficient to constitute the "suit on the cause of action to which the claim relates, . . ." within the meaning of section 946.6(f). Consistent with well-settled authority, we conclude that the incomplete caption does not constitute a fatal defect.

*Plumlee* v. *Poag* (1984) 150 Cal.App.3d 541 [198 Cal.Rptr. 66] is particularly interesting in this regard because it involves the same claims procedure reviewed by the Supreme Court in *Radar* v. *Rogers, supra,* 49 Cal.2d 243. As previously noted, Probate Code section 714 provides that when a claim against an estate is rejected by the executor or administrator, the claimant "must bring suit in the proper court against the executor or administrator, within three months after the date of service of [the] notice [of rejection]; otherwise the claim shall be forever barred." Plaintiff filed an action naming as defendants two individuals but failing to specify that they were named in their capacity as executors of the estate. Following the expiration of the three-month period, defendants successfully demurred to the complaint. Reversing, the Court of Appeal concluded that defendants' argument "unduly places form over substance. . . . Although the caption names respondents as individuals, the body of the original complaint clearly indicated that appellant's intention was to commence an action for the purpose of obtaining a judgment which could be satisfied from assets belonging to the decedent at the time of his death." (150 Cal.App.3d at p. 546.) █ In reaching its conclusion, the *Plumlee* court relied on the general rule "that in order to determine the identity of a party courts are entitled to take into consideration the allegations of the complaint as well as the title. [Citations.] As stated by the court in *Nelson* v. *East Side Grocery Co.* (1915) 26 Cal.App. 344, 347 [146 P. 1055], '[i]t should require no argument to sustain the view that in determining who the parties to an action are the whole

body of the complaint is to be taken into account, and not the caption merely.'" (150 Cal.App.3d at p. 547; see also *Lazar* v. *Estate of Lazar* (1962) 208 Cal.App.2d 554 [25 Cal.Rptr. 354]; *Siegal* v. *Superior Court* (1962) 203 Cal.App.2d 22, 24 [21 Cal.Rptr. 348].)

It is true that each of the cited cases involve in some sense a *mistake* in the caption rather than a complete *omission* and to that extent are distinguishable. Interestingly, though, a prominent set of California commentators synthesizing the cases in this area has reached the following conclusion: "A failure of the caption of the complaint to designate the names of the parties to the action apparently constitutes only an amendable formal defect." (7 Grossman & Van Alstyne, Cal. Practice (2d ed. 1981) Pleading, § 685, p. 174; see also *id.*, § 501, p. 2.)

A number of cases from other states and the federal courts directly confront the issue of a named defendant omitted from the caption. These cases consistently conclude that the defect is a technical and nonsubstantive one subject to correction by amendment. ■ Wright and Miller's treatise on federal procedure states the general rule as follows: "Although helpful to the court, the caption usually is not considered a part of the pleader's statement of claim or response and is not determinative as to the parties to the action or the court's jurisdiction. . . . If the body of the complaint correctly identifies the party or if the proper person actually has been served with process, courts generally will allow an amendment . . . to correct technical defects in the caption." (5 Wright & Miller, Federal Practice and Procedure (1969) § 1321, pp. 458-461.)

Particularly relevant because of the similar circumstances is *Tyrolf* v. *Veterans Administration* (E.D.La. 1979) 82 F.R.D. 372, a case involving the Federal Tort Claims Act. 28 United States Code section 2401(b) requires that suit against the United States be filed within six months after plaintiff's claim is rejected by the appropriate federal agency. In *Tyrolf,* the plaintiff filed a personal injury complaint within the six-month period identifying the Veterans Administration in the caption as the sole defendant. The body of the complaint, however, also referred to the United States as a defendant. Apparently, the Veterans Administration is not a suable entity under federal law and was dismissed from the suit. Plaintiff sought leave of the court to amend the complaint to add the United States to the caption as a defendant. The government opposed the motion on the ground that the six-month period had already expired. Relying on the Wright and Miller discussion quoted above, the court explained as follows: "Notwithstanding the requirement that a pleading be appropriately captioned, a defective caption does

not deprive the court of its power to look beyond the caption in order to determine jurisdiction. . . . Here, the body of the complaint named the United States as a party defendant. . . .

". . . [T]he Court reads plaintiff's statement requesting leave to amend the complaint to add the United States as a defendant as a request to amend the *caption* of the complaint in order to comply with the literal, technical requirements of Rule 10(a). The mere failure to comply with such a technical rule of pleading is not, in this Court's opinion, fatal since the broad principles underlying notice pleading under the Federal Rules [citations] and the actual notice received by the United States [citation] compel a finding in favor of plaintiff." (*Id.* at pp. 374-376.).

Other federal cases employ similar reasoning. Commenting on the omission of two defendants from the caption of a complaint, the court in *Hoffman* v. *Halden* (9th Cir. 1959) 268 F.2d 280 (overruled on other grounds in *Cohen* v. *Norris* (9th Cir. 1962) 300 F.2d 24, 29-30) commented: "We do not consider this too important, in that the caption of an action is only the handle to identify it and ordinarily the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption." (*Id.* at pp. 303-304; see also *Rice* v. *Hamilton Air Force Base Commissary* (9th Cir. 1983) 720 F.2d 1082, 1085; *Blanchard* v. *Terry & Wright, Inc.* (6th Cir. 1964) 331 F.2d 467, 469; *Spring Water Dairy* v. *Fed. Intermediate Credit Bank* (D.Minn. 1986) 625 F.Supp. 713, 721, fn. 5; *Goldberg* v. *Bass* (N.D. Ill. 1961) 42 Lab. Cases (CCH) ¶ 31,130 at p. 40,901.)

Another very similar case is *Fleshner* v. *Copeland* (1958) 13 Ill.2d 72 [147 N.E.2d 329]. An Illinois statute required that all will contests be filed within nine months of the date the will was admitted to probate. Plaintiffs filed an action within the nine-month period which failed to name the executor—a necessary party under Illinois law—in the caption of the complaint. However, the executor was named in the body of the complaint and referred to as a defendant. (*Id.* at p. 330.) One of the other defendants moved to dismiss the complaint for failure to name a necessary party. Plaintiffs responded with a motion to amend the caption. On appeal after the trial court granted the motion to dismiss, the Illinois Supreme Court explained the reasons for its reversal in language peculiarly applicable to the facts of this case: "While the executor was not named in the caption or the introductory paragraph, he was specifically named as defendant in the body of the complaint. Defendants, however, urge that the failure to name the executor in the conventional way in the introductory paragraph and caption of the complaint was

a fatal defect divesting the trial court of its jurisdiction. With this we cannot agree. A proper complaint was filed within the statutory time which named the executor as defendant in paragraphs 5 and 6 thereof. The complaint disclosed a clear intention to make the executor a party defendant although it was unskillfully drawn or imperfectly drafted by inadvertence or clerical error. A cause of action was stated, and we see no compelling reason to deny plaintiffs the right to amend." (147 N.E.2d at p. 331; see also *Avery* v. *O'Dwyer* (1952) 280 App.Div. 766 [113 N.Y.S.2d 686, 687], affd. (1953) 305 N.Y. 658 [112 N.E.2d 428]; *Tomlinson Construction Co.* v. *State* (1961) 26 Misc.2d 488 [211 N.Y.S.2d 564, 569]; *Nigbor* v. *Department of Industry* (1984) 120 Wis.2d 375 [355 N.W.2d 532, 536].)[5]

Largely conceding that an incomplete caption will not in itself preclude a complaint from stating a cause of action against a defendant otherwise adequately identified in the body of the complaint, Tri-City relies on *Ingram* v. *Superior Court* (1979) 98 Cal.App.3d 483, 492 [159 Cal.Rptr. 557] for the proposition that a defectively captioned complaint will only suffice to avoid the bar of a statute of limitations if it can be shown that the plaintiff intended that the complaint state a cause of action against the defendant. Tri-City points to an express concession by the Bells' counsel at oral argument that when he drafted the first amended complaint, he did not intend to name Tri-City as a defendant.[6]

*Ingram* involved a slightly different situation. Plaintiff's complaint failed to name Russell Parks as a defendant either in the caption or body of the complaint but did include an allegation that Parks was negligent. Plaintiff attempted to amend the complaint to name Parks as a defendant on the eve of trial after the expiration of the statute of limitations. In a two-to-one

---

[5] At one point we were concerned that an incomplete caption might not merely be a "technical" defect because the absence of a defendant's name might preclude the issuance of a summons for his appearance. (See *Won* v. *People of New York* (S.D.N.Y. Feb. 2, 1979) No. 77 Civ. 3743 (WCC) (available on LEXIS, Genfed library, Dist. file).) The simple answer to this concern is that a plaintiff has three years after the complaint is filed within which to serve a summons on the defendant (see Code Civ. Proc., § 583.210) and an amendment correcting the caption within this period would relate back to the original filing of the complaint. (See *Tyrolf* v. *Veterans Administration, supra,* 82 F.R.D. at p. 376.) Moreover, service of summons on the complaint may be unnecessary in that Tri-City's opposition to Bells' petition for relief from compliance with the claims statute arguably constitutes a general appearance in the action. (Code Civ. Proc., § 410.50, subd. (a); 2 Witkin, Cal. Procedure (1985) Jurisdiction, § 147, p. 532.)

[6] Counsel stated as follows: "So, no, I'm not arguing nor should the papers be construed to say that when we originally filed the complaint, they were a named defendant—we just didn't put them in the caption. What you should understand is they were never named in the complaint except that they were named in an ability to go back and relate back as a Doe defendant. And that's all that was intended."

decision, the Court of Appeal held that the attempted amendment was improper because it sought to add a new party to the action. (98 Cal.App.3d at pp. 491-492.) The majority's holding was necessarily based on its conclusion that mere allegations of negligence, without more, were insufficient to designate a party as a defendant.

Whatever the merits of the *Ingram* analysis, it does not address the situation where, as here, the allegations of the complaint specifically and repeatedly refer to someone as a defendant. (See *Tyrolf* v. *Veterans Administration, supra,* 82 F.R.D. at p. 375.) The test is an objective one: would a reasonable defendant have understood the complaint to allege that it was in some way responsible for plaintiff's injury? There can be no question here that the answer must be in the affirmative.

 Although Tri-City cites us to the rule that an attorney's concession on behalf of his client in a brief or at oral argument may be treated as binding for the purposes of the appeal (see *Browne* v. *Superior Court* (1940) 16 Cal.2d 593, 599 [107 P.2d 1, 131 A.L.R. 276]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 482, pp. 472-473), it is equally clear that a reviewing court "is not bound to accept concessions of parties as establishing the law applicable to a case." (*Desny* v. *Wilder* (1956) 46 Cal.2d 715, 729 [299 P.2d 257].) In our view, the Bells' counsel's erroneous concession cannot and should not prevent this court from applying sound legal principles to the objective facts disclosed by the record.

In the final analysis, "[w]e could not allow the [public entity] to prevail here without being guilty of the kind of legalistic myopia which brings the law into disrepute." (*Cory* v. *City of Huntington Beach, supra,* 43 Cal.App.3d at p. 136.) Tri-City received every substantive benefit of the tort claims procedure to which it was entitled.[7] On the other hand, California law is replete with references to the strong public policy in favor of resolving cases on their merits rather than on technical procedural grounds. (E.g., *Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193]; *Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 548 [105 Cal.Rptr. 339, 503 P.2d 1347]; *Hocharian* v. *Superior Court* (1981) 28

---

[7]Tri-City concedes that had the Bells amended the caption of the first amended complaint within the 30-day period, the statute would have been complied with. Yet changing the caption would effect no substantive change; the charging allegations in the eighth cause of action adequately apprised Tri-City of the basis of the Bells' claim. Moreover, Tri-City had actual notice of those allegations since it had already received and rejected the Bells' late claim and had appeared in court to oppose the Bells' request to be relieved from compliance with the claim presentation requirement. A second amended complaint would have provided Tri-City with no information it did not already have.

Cal.3d 714, 724 [170 Cal.Rptr. 790, 621 P.2d 829]; see also Code Civ. Proc., § 583.130.) Here, the plaintiffs' lawyer had a meritorious theory but pursued the wrong argument. By resolving the case consistent with the correct theory, we further the public policy of deciding cases on their merits and foster uniform treatment of litigants.

DISPOSITION

Judgment reversed. Tri-City's costs on this appeal are to be paid for by the Bells' counsel.[8]

Work, J., and Todd, J., concurred.

---

[8] Although we reject Tri-City's argument that counsel's erroneous concession should be binding (*ante,* p. 449), we are troubled that counsel's focus on the propriety of his Doe defendant amendment obviously distracted the trial court from what was the real issue in the case, i.e., whether the first amended complaint constituted substantial compliance with the rule of *Bahten* v. *County of Merced, supra,* 59 Cal.App.3d 101. Accordingly, we believe it appropriate that the Bells' counsel bear some of the financial burden of what may have been an unnecessary appeal.