Filed 10/22/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JOHN LOWRY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>PORT SAN LUIS HARBOR DISTRICT,<br><br>    Defendant and Respondent. | 2d Civ. Nos. B300072,<br>B302209<br>(Super. Ct. No. 17CV-0155)<br>(San Luis Obispo County) |

       Plaintiff missed the statutory deadline to file a claim against a public entity, so he applied to submit a late claim. He filed his complaint the same day, not waiting for the public entity to respond to his application. We hold that the Government Claims Act (the Act; Gov. Code,[1] § 810 et seq.) is not satisfied by filing a complaint before rejection of a claim.

       John Lowry sued the Port San Luis Harbor District (the District) for injuries he suffered while attempting to board one of the District's boats. He appeals from a judgment on the

---

      [1] Unless otherwise noted, all undesignated statutory references are to the Government Code.

pleadings against him. He contends that he complied with the Act by filing an application to file a late claim the same day he filed his complaint. He also challenges certain costs awarded to the District. We affirm.

FACTUAL AND PROCEDURAL HISTORY

Lowry was a harbor patrol officer employed by the District. He was injured on March 11, 2016, when he fell from a ladder while attempting to board a rescue boat.

On the day of the incident, Lowry submitted a workers' compensation claim. The claim was granted to provide for continuation of his salary.

On March 10, 2017, Lowry filed a complaint in superior court against the District. He alleged Jones Act negligence (46 U.S.C. § 30104), maintenance and cure, and unseaworthiness. The complaint included a cause of action by his wife for loss of consortium. The complaint also included checked boxes stating: "Plaintiff is required to comply with a claims statute," "has complied with applicable claims statutes," and "is excused from complying because (specify):" without specifying why he was excused.

The same day, Lowry faxed the District an application for permission to present a late claim. (§ 911.4) A proposed claim was attached to the application. The District's harbor manager received the application on March 11. She presented the claim to the Harbor's Board of Commissioners on March 28, 2017.

The District sent Lowry a notice of rejection that stated, "Notice is hereby given that the claim presented to the Port San Luis Harbor District on March 11, 2016, was rejected on March 29, 2017." The harbor commissioner declared that March

2

11, 2016, was a typographical error, and she meant the date she received the application, March 11, 2017.

The District was served with the summons and complaint on June 2, 2017. It filed an answer alleging affirmative defenses including failure to comply with the Act. Lowry then filed a first amended complaint (FAC) adding unseaworthiness pursuant to the Jones Act, and unseaworthiness and negligence pursuant to the General Maritime Law. The cause of action for loss of consortium was deleted. No boxes regarding compliance with claims statutes were marked. Lowry's counsel declared that this failure was inadvertent. The District filed an answer, again alleging failure to comply with the Act.

On June 20, 2019, the trial court issued a ruling on motion for judgment on the pleadings and motion to bifurcate. It granted the District's motion for judgment on the pleadings based on noncompliance with the Act.[2]

On June 27, 2019, Lowry filed a motion for reconsideration of the ruling granting judgment on the pleadings. On July 15, 2019, the Harbor served Lowry with a purported notice of entry of judgment, with a copy of the June 20 ruling attached. On August 13, 2019, the court issued a ruling on motion for reconsideration, which denied reconsideration of the June 20 ruling, and stated, "Judgment on the pleadings is entered for Defendant."

---

[2] A computer print-out entitled "San Luis Obispo Case Summary" contains an entry for June 20, 2019, which states in part: "Judgment – Court finding – After court trial." A computer print-out entitled "Case Information" contains entries for July 15 and July 29, 2019, that give "Judgment Entered" as the reason a readiness conference and a jury trial date were cancelled.

On November 6, 2019, the court taxed $942.58 from the District's costs, and awarded the District costs of $22,977.98.

DISCUSSION

*Appealability*

We consolidated for appeal three notices of appeal filed by Lowry. The first notice is from the judgment entered August 13, 2019. The second is from the order denying the motion for reconsideration. The third is from the ruling on the motion to strike/tax costs.

The District contends Lowry did not properly appeal the judgment. We disagree. The trial court entered judgment on August 13, 2019. Lowry properly appealed from the judgment, not from the earlier nonappealable ruling granting the motion for judgment on the pleadings. (*Ellerbee v. County of Los Angeles* (2010) 187 Cal.App.4th 1206, 1212-1213.)

The purported notice of entry of judgment filed by the District on July 15, 2019, is not effective because no judgment had been issued yet. "The rendition of a judgment is a judicial act; its entry upon the record is merely ministerial." (*In re Cook's Estate* (1888) 77 Cal. 220, 226; *In re J.V.* (2014) 231 Cal.App.4th 1331, 1335; see Code Civ. Proc., § 438, subd. (h)(3).) References to a "Judgment" in the court's computer records for June and July 2019 are not supported by oral pronouncements or written orders of the judge. We do not view these notations as the entry of judgment in the "judgment book" or "permanent minutes." (Cal. Rules of Court, rule 8.104(c)(1) & (2).) To the extent the trial court's records regarding the date of judgment are unclear, we liberally construe the notice of appeal to allow the appeal. (Cal. Rules of Court, rule 8.100(a)(2).)

4

Lowry concedes that appeal of the denial of motion for reconsideration was neither necessary nor proper. Instead, we consider the motion for reconsideration as part of the appeal from the judgment. (Code Civ. Proc., § 1008, subd. (g); *Young v. Tri-City Healthcare Dist.* (2012) 210 Cal.App.4th 35, 51.) The order regarding costs is appealable as an order after judgment. (Code Civ. Proc., § 904.1, subd. (a)(2); *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 654-655.)

*Judgment on the pleadings*

In a motion for judgment on the pleadings, the court accepts as true all material facts alleged in the complaint, and may consider matters subject to judicial notice. (Code Civ. Proc., § 438, subd. (d); *Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 515.) We review de novo an order granting a motion for judgment on the pleadings. (*Gerawan*, at p. 515.) We review the judgment and not the trial court's reasoning. (*Hood v. Santa Barbara Bank & Trust* (2006) 143 Cal.App.4th 526, 535.)

*Government Claims Act*

Public entities are protected by sovereign immunity for injuries arising from their acts or omissions, except as provided in the Government Claims Act or other statutes. (§ 815.) The Act "was conceived to strictly limit governmental liability." (*Williams v. Horvath* (1976) 16 Cal.3d 834, 842.) The District is a local public entity subject to the Act. (§§ 900.4, 905, 915; Harb. & Nav. Code, § 6095.)

"A claim relating to a cause of action for death or for injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action." (§ 911.2, subd. (a).) A public entity's knowledge of an incident and injuries does not excuse the claim requirement. (*DiCampli-Mintz v. County of*

5

*Santa Clara* (2012) 55 Cal.4th 983, 990-991 (*DiCampli-Mintz*).) "[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." (*State of California v. Superior Court* (*Bodde*) (2004) 32 Cal.4th 1234, 1239 (*Bodde*).)[3]

*Late claim*

A claimant who misses the six-month claim deadline may apply to file a late claim "within a reasonable time not to exceed one year after the accrual of the cause of action." (§ 911.4.) The trial court took judicial notice of an application Lowry faxed the District on March 10, 2017, within a year of the incident.

The harbor manager gave the application to the Board at a meeting 18 days later, but that did not render Lowry's application untimely. This case is unlike *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1780, where the application to submit a late claim was untimely because it was sent to the wrong entity (a prison) and was not forwarded to the Board of Control until after the deadline.

The District sent Lowry a notice that "the claim presented to the [District] on March 11, 2016, was rejected on March 29, 2017." The District asserts, and Lowry accepts, that the notice contains a typographical error, and the date the claim was presented was March 11, 2017.

By denying the claim, the District impliedly granted the application to present a late claim. (*Harvey v. City of*

---

[3] Although Lowry initially maintained his workers' compensation claim satisfied the claim requirement, he has abandoned reliance on that claim on appeal.

6

*Holtville* (1967) 252 Cal.App.2d 595, 597; *Harvey v. City of Holtville* (1969) 271 Cal.App.2d 816, 819-820.) The plain language of the notice states that the claim was denied, not the application to file a late claim. The notice contained the warning required to accompany denial of a claim, i.e., that the claimant has six months to file a lawsuit. (§ 913, subd. (b).) It did not include the warning required for denial of an application to file a late claim, i.e., that the claimant has six months to file a petition for relief from the claim requirement. (§ 911.8, subd. (b).)

By advising Lowry the claim was denied, the District was estopped from asserting that it did not grant the application to file a late claim. Accordingly, section 946.6, which allows a petition to seek relief from the failure to comply with the claim requirement after denial of an application for leave to present a claim, did not apply.

*Premature filing*

While Lowry timely filed his application to file a late claim, he did not wait for the District to take action on it, nor did he wait for the time to expire for it to do so. (§§ 911.6, subds. (a) & (c), 912.4.) Accordingly, the complaint he filed the same day was premature.

Other than exceptions not applicable here, "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." (§ 945.4.) "Timely claim presentation is not merely a procedural requirement, but is . . . "'"a condition precedent to plaintiff's maintaining an action against defendant."'" . . . Only after the public entity's board has

7

acted upon or is deemed to have rejected the claim may the injured person bring a lawsuit alleging a cause of action in tort against the public entity." (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 209, superseded by statute as stated in *Rubenstein v. Doe No. 1* (2017) 3 Cal.5th 903, 914.) Lowry failed to comply with the Act because he filed a complaint before his claim was rejected.

Lowry relies on some older Court of Appeal cases that found compliance with the Act even though complaints were filed prematurely, before the claims were rejected. But the rationale of those cases is not consistent with more recent decisions of our Supreme Court. We therefore decline to follow them.

For example, in *Savage v. State* (1970) 4 Cal.App.3d 793, 796 (*Savage*), the plaintiff applied to file a late claim a few days before the one year anniversary of the injury and filed a complaint the next day. When the application for late filing was denied, the trial court granted relief from the requirement of filing a claim (§ 946.6). The trial court permitted the plaintiff to file a supplemental complaint alleging the claim requirement had been excused. The appellate court noted that because section 946.6 "permits the court to allow the bringing of suit without the necessity of filing a claim at all[,] [i]t is immaterial whether the right to eliminate the filing of the claim is granted before or after suit." (*Savage*, at p. 796.)

Unlike the circumstances in *Savage*, section 946.6 does not apply here. Instead, the Board here allowed the late filing (§ 911.6) and denied the claim (§ 912.6, subd. (a)). *Savage* also relied in part on "the attitude of the courts that procedural requirements should be given liberal interpretations in order not to deprive a litigant of his day in court because of technical

8

requirements." (*Savage, supra*, 4 Cal.App.3d at p. 796.) This rationale was later rejected by our Supreme Court in *DiCampli-Mintz*, which requires that claims "satisfy the express . . . language of the statute." (*DiCampli-Mintz, supra*, 55 Cal.4th at p. 987.) In *DiCampli-Mintz*, the court held that delivering a claim to the public entity's risk management department violated the statutory requirement to present it to other specified officers. The court declined to allow the claim because the intent of the Act "is 'not to expand the rights of plaintiffs against governmental entities,' but 'to confine potential governmental liability rigidly delineated circumstances.'" (*Id.* at p. 991.)

In another case relied on by Lowry, *Cory v. City of Huntington Beach* (1974) 43 Cal.App.3d 131, 135-136 (*Cory*), the plaintiff filed a timely claim, but then filed a complaint two days later, before the city had taken action on the claim. In allowing the case to proceed, the court reasoned that "the waiting period requirement is not part of the cause of action but a procedural condition precedent to suit." (*Id.* at p. 135.) Our Supreme Court has since rejected this theory as well. (*DiCampli-Mintz, supra*, 55 Cal.4th at p. 983; *Bodde, supra*, 32 Cal.4th at p. 1244.) *Cory* also "applied a test of substantial compliance" (*id.* at p. 136), which our Supreme Court has rejected. (*DiCampli-Mintz*, at p. 987.) Accordingly, we decline to follow *Cory*.

Finally, this case is unlike *Taylor v. City of Los Angeles* (1960) 180 Cal.App.2d 255 (*Taylor*), another case relied on by Lowry. The plaintiff there submitted a claim as required by the city charter but filed the lawsuit before the claim was rejected. The appellate court reversed the dismissal because (1) the city charter provisions were preempted by state law (*id.* at pp. 261-262), and (2) the city was estopped because it waited

9

until trial to raise the issue (*id*. at pp. 263-264). Here, the claim requirements are dictated by state law, and the District timely asserted the defect in its answers to the initial complaint and FAC.

In *Bodde*, the court listed cases allowing premature filing of a complaint after the plaintiff submitted a timely claim or the petition to file a late claim, including *Savage*, *Cory*, and *Taylor*. (*Bodde*, *supra,* 32 Cal.4th at pp. 1243-1244.) However, the discussion of these cases is dictum because the court found them not relevant to the issue before it, i.e., whether the complaint must allege compliance, or circumstances excusing compliance, with the statute. (*Id*. at p. 1244.) A general statement of law unnecessary to the decision "is not the 'true holding' of a case when it becomes unmoored from its factual underpinnings." (*People v. Mazumder* (2019) 34 Cal.App.5th 732, 743; *Santa Monica Hospital Medical Center v. Superior Court* (1988) 203 Cal.App.3d 1026, 1033.)

*Leave to amend*

We review denial of leave to amend for abuse of discretion. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) "'[O]n a motion for judgment on the pleadings, leave to amend should be granted if there is any reasonable possibility that the plaintiff can state a good cause of action.'" (*Gami v. Mullikin Medical Center* (1993) 18 Cal.App.4th 870, 876-877.) "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Zelig*, at p. 1126.)

Lowry offered to amend the complaint to state he complied with the applicable claims statutes. But the lawsuit is precluded because it was not preceded by rejection of a claim.

10

Lowry's noncompliance with the Act cannot be cured by amending the complaint to allege he complied.

*Costs*

A memorandum of costs must be filed "within 15 days after the date of service of the notice of entry of judgment . . . or within 180 days after entry of judgment, whichever is first." (Cal. Rules of Court, rule 3.1700(a)(1).) The District filed a memorandum of costs on July 30, 2019. Lowry objected that the application was premature because judgment had not been entered.

A prematurely filed memorandum of costs is "'a mere irregularity at best' that does not constitute reversible error absent a showing of prejudice" and is treated "as being timely filed." (*Haley v. Casa Del Rey Homeowners Assn.* (2007) 153 Cal.App.4th 863, 880.) After judgment was entered, the trial court held a hearing regarding costs and issued its order taxing and granting costs. Lowry has not shown he was prejudiced by the early filing of the memorandum.

The prevailing party is entitled to costs as a matter of right. (Code Civ. Proc., § 1032, subd. (b).) Allowable costs include service of process. (Code Civ. Proc., § 1033.5, subd. (a)(4).) Costs must be "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation" and "reasonable in amount." (Code Civ. Proc., § 1033.5, subd. (c)(2) & (3).) "If the items appearing in a cost bill appear to be proper charges, the burden is on the party seeking to tax costs to show that they were not reasonable or necessary. On the other hand, if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs." (*Ladas v. California State Automobile Assn.* (1993) 19

Cal.App.4th 761, 774.)  We review for abuse of discretion the trial court's determination that costs were reasonably necessary. (*Ibid.*)

Lowry challenges the inclusion of $9,816.78 for service of process of 22 subpoenas for medical records on the basis that he was not treated by those providers, or they were not related to his claimed injuries.  Through a public records request, the District obtained Lowry's Workers' Compensation Appeals Board file that contained the names of approximately 20 medical providers whom he had not disclosed in discovery.  The District served subpoenas based on this information and on providers' identification of additional providers.

The District alleged as affirmative defenses preexisting conditions, superseding and intervening causes including failure to follow medical advice, and unfitness for duty by misrepresenting or concealing prehiring medical facts.  The District was entitled to subpoena records to prepare its defense of the case.  The trial court concluded, "Nothing in Plaintiff's opposition shows that these costs were unreasonable or unnecessary."  There was no abuse of discretion in awarding these costs.

### DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs on appeal.

CERTIFIED FOR PUBLICATION.

TANGEMAN, J.

We concur:


GILBERT, P. J.          PERREN, J.


12

Ginger E. Garrett, Judge

Superior Court County of San Luis Obispo

_____

Krissman & Silver, Jarrod A. Krissman and Donna Silver for Plaintiff and Appellant.

Collins Collins Muir + Stewart and Jolene R. Rice for Defendant and Respondent.