[Civ. No. 33043. Second Dist., Div. Two. Apr. 11, 1969.]

EDITH WILSON, Plaintiff and Appellant, v. THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Defendant and Respondent.

Herbert Manasse for Plaintiff and Appellant.

Harry S. Fenton, R. B. Pegram, Richard L. Franck and Wendell Mortimer, Jr., for Defendant and Respondent.

FLEMING, J.—On 10 January 1967 plaintiff filed a complaint for damages against Southern California Rapid Transit District, the County of Los Angeles, and Does I through VI, alleging personal injuries incurred on 5 August 1966 in stepping from a bus to the sidewalk and pleading prior presentation to the transit district and the county of a written claim for damages in accordance with Government Code, section 945.4. Subsequently plaintiff applied to the state board of control for leave to present a late claim for damages against the State of California on the theory the state had some responsibility for the condition of the sidewalk. On the denial of her application by the state board she petitioned the superior court for relief under section 946.6 of the Government Code, and on 30 June 1967 she obtained an order relieving her of the requirement for the presentation of a written claim as a prerequisite to suit against the state.

Subsection (f) of the section under which plaintiff obtained relief provides: ''If the court makes an order relieving the petitioner from the provisions of Section 945.4, *suit on the cause of action* to which the claim relates *must be filed* in such court *within 30 days* thereafter.'' (Italics added.) Plaintiff took no action within 30 days of the order of 30 June, but on 16 August 1967 she served a copy of her complaint on the state board as Doe I. The State of California demurred on the ground of lack of compliance with the 30-day period for filing suit, and its demurrer was sustained by the trial court without leave to amend. Plaintiff has appealed the subsequent order dismissing the State of California as a defendant.

█ Plaintiff could have complied with section 946.6, subdivision (f) by filing a separate action against the State of California during the 30-day period, or by amending her complaint to name the state as a party during the 30-day period, or by serving the state with a copy of the complaint during the 30-day period. █ She took none of these steps, but she claims compliance with the section on the theory that her original complaint was filed against the State of California as a Doe and the subsequent service of the complaint on the state related back to the time of filing suit against the state to the time of the original complaint. She relies on *Day* v. *Western Loan & Bldg. Co.*, 42 Cal.App.2d 226, 231 [108 P.2d 702], for the proposition that where an original complaint has been

filed against a Doe within the statutory period, an amended complaint may be filed against a named defendant after the statute has run so long as it does not state a new or different cause of action from that in the original complaint.

We do not find *Day* v. *Western Loan & Bldg. Co.* decisive in the present case. Plaintiff's original complaint failed to state a cause of action against the State of California as a Doe, because it failed to allege what it could not in fact allege —compliance with the statutory procedure for the presentation of a claim as a prerequisite to an action for damages against the State of California. (Code Civ. Proc., § 313.) As the court said in *Chas. L. Harney, Inc.* v. *State of California,* 217 Cal.App.2d 77, 90-91 [31 Cal.Rptr. 524]: ■ "An action may be brought against the State of California only in the manner and within the time allowed by statute. (Cal. Const., art. XX, § 6; citations.] ■ Where the right to bring suit against the state is granted, the state may impose conditions as a prerequisite to the commencement of any action against it [citation] and place limitations upon the enforcement of such action [citation]. ■ The conditions imposed by statute as a prerequisite to an action against the state, while not always jurisdictional [citation], are mandatory and must be strictly complied with [citations]. . . . ■ Recovery will also be denied where, other prerequisites having been satisfied, legal action is not brought against the state within the period prescribed by statute [Citation.]"

■ The absence from the original complaint of any allegation of the presentation of a written claim against the State of California foreclosed that complaint from setting forth a cause of action against the state on any theory. (Gov. Code, § 945.4.) Compare the procedure held valid in *Austin* v. *Massachusetts Bonding & Ins. Co.,* 56 Cal.2d 596 [15 Cal. Rptr. 817, 364 P.2d 681], where a justiciable but incorrect cause of action was pleaded in the original complaint against the bonding company under a fictitious name and later a related cause of action on the same general facts was correctly pleaded against the bonding company by name, with the procedure held invalid in *Wiersma* v. *City of Long Beach,* 41 Cal.App.2d 8, 12 [106 P.2d 45], where the court held: "Since the presentation of a claim is a condition precedent to the filing of suit for damages against the city [citation], no cause of action accrued in favor of appellant until after the filing of such claim [citations]; therefore, the original complaint filed by appellant on August 21, 1937, which failed to allege that

prior thereto a claim had been presented pursuant to said section 338 of the city charter, was insufficient to state a cause of action against respondent city.''

 A subsequent pleading which sets out the subsequent performance of a statutory condition precedent to suit cannot relate the time of performance of the condition back to the time of the filing of the original complaint and thereby toll the running of the period of limitation, since the rule of relation back does not operate to assign the performance of a condition precedent to a date prior to its actual occurrence. (Cf. *Stanley* v. *Kawakami*, 127 Cal.App.2d 277, 278 [273 P.2d 709].) Here the performance of the statutory condition precedent — presentation of a claim — is deemed to have occurred 30 June 1967 on the entry of the order relieving plaintiff from the duty of performing the condition precedent to suit. (Gov. Code, §§ 945.4, 946.6.) Before 30 June plaintiff was necessarily required to plead and prove the performance of the statutory condition in any action filed against the State of California, even one filed as a Doe. This rule of pleading and proof merely reflects the substantive rule that until she filed a written claim against the State of California she did not possess any cause of action against the state. After 30 June plaintiff was relieved of this prerequisite to suit and would not have been required to plead or prove it, but her relief was conditioned on the filing of suit against the State of California on her cause of action against the state within 30 days of the order granting relief. Since plaintiff failed to do this, the order of dismissal was proper and is affirmed.

Herndon, Acting P. J., and Wright, J., concurred.