[Civ. No. 2547. Fifth Dist. June 15, 1976.]

ERIC BAHTEN, a Minor, etc., et al., Plaintiffs and Appellants, v.
COUNTY OF MERCED, Defendant and Respondent.

COUNSEL

Walkup, Downing & Sterns and Robert A. Seligson for Plaintiffs and Appellants.

McCormick, Barstow, Sheppard, Coyle & Wayte, Lawrence E. Wayte and James P. Wagoner for Defendant and Respondent.

OPINION

GOLDSTEIN, J.*—

STATEMENT OF THE CASE AND FACTS

On October 6, 1972, appellant Eric Bahten (herein plaintiff), a student at the Los Banos High School, was severely and permanently disabled as the result of injuries sustained by him while participating as a representative of his school in a football game against a team from another high school. His parents did not seek legal advice until almost one year after his injuries.

On September 27, 1973, after consultation with a lawyer, a petition was presented pursuant to the provisions of section 911.4 of the Government Code to the Merced County Board of Supervisors for leave to file a late claim against said county. Attached to said petition (as required by said section) was a verified claim alleging that minor was injured as a proximate result of (1) negligence of high school authorities and others in charge of the football game, and (2) negligence of the high school authorities and others in the medical care and treatment of said injuries. The board of supervisors took no action on such petition. Pursuant to section 911.6 of the Government Code, it was deemed denied, by operation of law, 45 days after its presentment to the board.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

On October 1, 1973, plaintiff Eric Bahten, a minor, petitioned the Superior Court of Merced County for the appointment of his father, Ben Bahten (herein plaintiff and guardian ad litem) as his guardian ad litem for the purpose of prosecuting an action on behalf of said minor arising from the above injuries. On the same date, plaintiffs filed in the Merced County Superior Court a complaint against a number of named defendants, including the respondent (herein defendant) County of Merced, alleging negligence in the medical care and treatment of said minor subsequent to his football injuries. The complaint contained no allegation of compliance with the Government Code provisions requiring that claims for money damages against a public entity be presented to such entity within 100 days after the occurrence that gave rise to such claim. (Gov. Code, § 945.4.)

On March 8, 1974, plaintiffs presented to the Merced County Superior Court a petition for an order relieving them from compliance with the claims presentation provisions of Government Code section 945.4 (Gov. Code, § 946.6.) The motion was granted on April 5, 1974.

On June 25, 1974, plaintiffs filed their first amended complaint alleging the prior order relieving them from compliance with section 945.4 of the Government Code, and two separate causes of action: (a) a cause of action for negligent medical care of the injuries suffered by said minor in the football game; and (b) an action charging defendants with negligence in the management, control, and supervision of the football game itself.

On August 29, 1974, the defendant County of Merced filed a motion to strike the first amended complaint. Concurrently therewith said defendant also filed a demurrer to said first amended complaint. The motion, and the demurrer were based on identical grounds, namely, that the complaint failed to state a cause of action against the defendant county. On October 9, 1974, the court granted the motion to strike said first amended complaint and sustained the demurrer without leave to amend. Judgment was entered on October 24, 1974, dismissing plaintiffs' complaint against the defendant County of Merced, only. Plaintiffs have appealed from said judgment.

## THE LAW

There is no dispute between the parties as to the dates when the foregoing various petitions were presented, denied or granted, or when

the pleadings were filed in this case. The underlying and dispositive issue to be determined is whether the plaintiffs' first amended complaint is barred and a nullity by reason of the fact that it was filed *more than 30 days after* the court made its order relieving the plaintiffs from compliance with the claim presentation requirements of section 945.4 of the Government Code.

At common law public entities were, in general, immune from suit. The Tort Claims Act enacted in 1963, with subsequent amendments, permits suits to be filed against public entities where compliance is shown with prescribed statutory conditions and limitations imposed by the Tort Claims Act. Among the foregoing conditions is the requirement that a claim be presented to the public agency within 100 days after the occurrence giving rise to the claim. (Gov. Code, § 911.2.) The statute further requires that the board approve or reject the claim within 45 days after its presentment, or, in the event of the failure of the board to act on the claim within said 45-day period, it is deemed rejected by operation of law.

The statute then addresses itself to those cases in which a claim is *not* filed within the 100-day period. In such cases the claimants are given the right to petition the public entity for leave to present a *late* claim. The statute requires that such petition be filed within a reasonable time and in any event not later than one year after the accrual of the cause of action. It is also necessary to attach to the petition a copy of the proposed claim. The one-year limitation period applies equally to adults and to minors. (Gov. Code, § 911.4.) Government entities are required either to grant or deny such petition within 45 days after its presentation, or, in the alternative, if no action is taken thereon, it is deemed denied by operation of law after the expiration of 45 days. (Gov. Code, § 911.6.)

As an additional protection to claimants the Tort Claims Act provides that if the petition be denied or deemed denied under the provisions of Government Code section 911.6, claimants may *within six months after such denial* file in the superior court a petition to be relieved from compliance with section 945.4 (the claims filing section), provided that the court finds: (1) that the application for such leave was filed within a reasonable time or not more than one year after denial by the public entity of the petition to file a late claim; (2) *that the person who sustained the injury was a minor during the period specified for the presentation of claims;* (3) that a showing was made that the failure to file the claim was a result of mistake, inadvertence, surprise or excusable neglect. (Gov.

Code, § 946.6.) The public entity is accorded the right to establish in opposition to such position that its rights would be prejudiced by the granting of such application, and the court, upon such showing, has the right to deny the application. (Gov. Code, § 946.6, subd. (c)(1).)

The statute providing for the foregoing procedures further provides that "suit on the cause of action to which the *claim relates must be filed in such court within 30 days*" after the granting of said petition. (Gov. Code, § 946.6, subd. (f).)

The record shows:

(1) That plaintiffs' petition to the board to file a late claim, to which was attached a copy of their proposed claim, was timely filed with the board of supervisors on September 27, 1973, and that the original complaint was filed four days later, on October 1, 1973, in the office of the Clerk of Merced County.

(2) That the first amended complaint was filed on June 25, 1974, *45 days* after the court made its order relieving plaintiffs from compliance with the claims statute.

The defendant contends: (i) that since the right to sue a public entity exists only by governmental fiat, the conditions and limitations imposed by such a statute are "mandatory, and strict compliance therewith is required." (*Stanley* v. *City and County of San Francisco* (1975) 48 Cal.App.3d 575, 579 [121 Cal.Rptr. 842]; *Chas. L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77, 90 [31 Cal.Rptr. 524].) (ii) That Government Code section 946.6 which requires that suit be brought on the cause of action described in the claim within 30 days after plaintiff is relieved from compliance with the claims statutes also should be strictly construed. (iii) That plaintiffs' amended complaint was filed 45 days after the granting of said petition. (iv) It completes the syllogism by stating that the original complaint was a nullity because it did not state a cause of action, and it was superseded with the filing of the amended complaint; that the amended complaint was also a nullity, because it was filed after the expiration of the 30-day period and therefore no cause of action remains on which a claim against the County of Merced can be prosecuted.

■ Plaintiffs contend, to the contrary, that Government Code section 946.6 requires *only* that suit be brought on the cause of action to which

the claim relates "within thirty days," after the order is made relieving the plaintiff from compliance with Government Code section 945.4. They further contend that in cases such as the one at bar, *where the complaint was actually on file when the order granting such relief was made,* such prematurely filed complaint satisfies the provisions of subdivision (f) of section 946.6 of the Government Code, and the filing of a new pleading is unnecessary. We agree.

## COMPLIANCE WITH THE TORT CLAIMS ACT IS A PROCEDURAL PREREQUISITE; IT NEITHER CREATES, NOR IS AN ELEMENT OF A CAUSE OF ACTION FOR TORT AGAINST A GOVERNMENT ENTITY.

*Radar* v. *Rogers* (1957) 49 Cal.2d 243 [317 P.2d 17], involved the Probate Code provisions requiring the presentation to and rejection of claims by the legal representative of the estate as a condition precedent to suit on such claims. In *Radar,* plaintiff had filed an action for damages for personal injuries against the decedent's estate prior to the appointment of a legal representative of such estate. The complaint contained no allegations of the presentment of a claim to such administratrix since, indeed, there was none to whom the claim could be presented. After the administratrix had qualified, plaintiff filed a timely claim with her which she rejected. Plaintiff thereafter filed a first amended complaint against the estate alleging the presentation and rejection of the claim. Defendant demurred to the complaint on the ground that the first amended complaint was barred by the statute of limitations, it not having been filed within three months after the service of notice of rejection of the claim.

The trial court sustained the demurrer without leave to amend on the ground that "the suit was barred by limitation because it was not *instituted after,* and *within three months after,* the rejection of the claim, as assertedly required by section 714." (Italics the court's.) On appeal the court reversed the judgment of dismissal entered in the trial court, stating the applicable rule to be as follows: " 'The general rule is that where an action is prematurely brought, and the original complaint must fall, a supplemental complaint has no place as a pleading.' [Citations.] But the rule . . . is by no means absolute and universal in application. The statement quoted was made in connection with a holding that a supplemental complaint cannot aid an original complaint which was filed before a cause of action had arisen. Here there was a cause of action when the original complaint was filed. That cause of action accrued

when the accident happened. Every fact essential to state a cause of action, at least in the absence of a plea in abatement, is well pleaded." (49 Cal.2d at p. 247.)

The court summarized its views in the following quotation: " 'The point now presented is highly technical and does not affect the substantial rights of the parties. Before the filing of the amended and supplemental complaint the executrix had ample notice of the claim and opportunity to approve it. There has been no miscarriage of justice. . . .' " (49 Cal.2d at p. 249.) And further: "[I]t would be highly technical to apply section 714 to bar this complaint, which was not filed too late but, at worst, prematurely. The substantial rights of the estate are not affected by the procedure followed by plaintiffs. The administratrix had ample opportunity, before the filing of the amended complaints, to approve plaintiffs' claims. *The substance of the defect that the action had been brought before presentation and rejection of claim no longer existed when defendant by general demurrer to the amended and supplemental complaint sought to raise the issue.*" (49 Cal.2d at p. 249.) (Italics added.)

The foregoing liberal approach to the probate claims statute has been recently applied to cases arising under the Tort Claims Act in similar cases where the complaint is prematurely filed.

In *Savage* v. *State of California* (1970) 4 Cal.App.3d 793 [84 Cal.Rptr. 650], the plaintiff was injured in a highway collision between a vehicle owned and operated by the State of California and a Greyhound bus. She neglected to file a timely claim against the State of California in compliance with the Tort Claims Act. On November 1, 1967, she applied to the State Board of Control for leave to present a late claim. On the following day, without waiting for a decision by the Board of Control, she filed a complaint against the State of California and other defendants for damages for personal injuries arising from the accident. She alleged in the complaint the filing of the foregoing petition with the Board of Control and that it was pending before that board. She further alleged that in the event the board denied the petition, she would then take other measures to validate her claim against the state. On December 5, 1967, the Board of Control denied plaintiff's petition. On December 18, 1967, she filed a petition in the superior court praying that she be relieved from compliance with the claims presentation statute. On February 1, 1968, the petition was granted. She then filed a "Supplement to Complaint" alleging the granting of the foregoing relief by the superior court.

The state demurred to the original complaint and the supplement to complaint for insufficiency. The trial court sustained the demurrer without leave to amend. In reversing the decision of the trial court, the appellate court declared that it was the "attitude of the courts that procedural requirements should be given liberal interpretations in order not to deprive a litigant of his day in court because of technical requirements, . . ." It distinguished cases such as *Chas. L. Harney, Inc.* v. *State of California, supra,* 217 Cal.App.2d 77, and cited with approval *Radar* v. *Rogers, supra,* 49 Cal.2d 243, as follows: "Defendants contend that on obtaining relief from failure to comply with section 945.4, plaintiffs should have filed a new complaint and that filing a supplement to complaint was not sufficient. A somewhat analogous situation occurred in *Radar* v. *Rogers* (1957) 49 Cal.2d 243 [317 P.2d 17], where a claim against an estate was not filed until after suit brought and where a supplemental complaint was filed setting up the fact of the filing of the claim. It was there contended, as is contended in the instant case, that a supplemental complaint was not proper. In holding that the supplemental complaint adequately met the situation, the court pointed out that the original complaint stated a cause of action except for there being no allegation of the filing of the claim and that that was sufficient in the 'absence of a plea in abatement.' So here, there having been no plea in abatement, and that before the motion to dismiss was filed, the pleadings showed that the filing of a claim was unnecessary, the motion to dismiss should have been denied." (4 Cal.App.3d at p. 797.)

In *Savage,* the court disapproved the rule urged by defendant that where an initial complaint fails to contain allegations of compliance with the procedural provisions of the Tort Claims Act, it is thereby rendered a nullity.

"Of considerable significance in this respect is the court order made under the provisions of section 946.6, subdivision (f), Government Code, 'It is further ordered that suit on the causes of action to which the claim relates may be filed in this court within 30 days of the making of this order, *providing that suit has not been filed herein.*' (Italics the court's.)

"It should be pointed out that in actual effect, section 946.6 is a remedial section which relieves the claimant of the necessity of filing *any claim at all* with the public entity. The section states 'Where an application for leave to present a claim is denied . . . a petition may be made to the court for an *order relieving the petitioner from the provisions of Section 945.4.*) [*Sic.*]' (Italics added.) Thus, section 945.4, which

requires the filing of a claim before suit, is necessarily modified by section 946.6 which permits the court to allow the bringing of suit without the necessity of filing a claim at all. It is immaterial whether the right to eliminate the filing of the claim is granted before or after suit." (4 Cal.App.3d at p. 796.) (Italics the court's.)

In the later case of *Cory* v. *City of Huntington Beach* (1974) 43 Cal.App.3d 131 [117 Cal.Rptr. 475], the defendant advanced a contention similar to that urged by defendant here. It was rejected by the court. In *Cory,* the plaintiff had filed his complaint against the city *before it had taken action* on a claim for damages for personal injuries which had been previously presented to the city council. After the filing of the complaint, the city rejected his claim.

The defendant demurred on the ground that the complaint was insufficient as a matter of law because it did not allege compliance with the claims presentation statutes. Plaintiff, after the rejection of the claim, filed no amendment to his earlier pleading. The trial court granted summary judgment on the sole ground the action had been brought prematurely.

In reversing the order granting summary judgment, the court made the following observations:

(1) It approved the "liberal view" expressed in such cases as *Radar* and *Savage, supra.*

(2) It applied the test of substantial compliance rather than strict compliance in government tort cases.

(3) It indicated that, absent a showing of any prejudice to the rights of the government entity, the latter could not require strict compliance with the statute.

(4) It ruled that the provisions of the Tort Claims Act are remedial and not a "part of the cause of action." We quote at length from its opinion:

"[I]n assessing the formal adequacy of a claim, courts have applied a test of substantial compliance. . . . Similarly, where the statutory purpose has been realized by other means, strict compliance has not been required. [Citations.]

"We could not allow the city to prevail here without being guilty of the kind of legalistic myopia which brings the law into disrepute. Even assuming that the city gave serious consideration to plaintiff's claim rather than merely turning it over to its insurer, the city could not have been prejudiced by the premature filing of the action since the complaint was not served until the time period had run. Thus the defect had ceased to exist before the city was even formally notified that suit had been brought.

"To call the city's defense 'highly technical' would not be an overstatement. (See *Radar* v. *Rogers, supra,* 49 Cal.2d 243, 249.) As was said in a strikingly similar situation: '[I]t is clear that the filing of an action after the submission of a proper claim, assuming it to have been premature because of a failure to wait until there had been a rejection of the claim, should not result in a disposition of the matter which has no relation to its merits. In the present case, the complaint was not filed too late, but rather, several days before the rejection of the claim. At the time the answer of the city was filed, the city had received every benefit which a provision for rejection prior to suit is intended to serve.' [Citation.]" (43 Cal.App.3d at p. 136.)

In *Stanley* v. *City and County of San Francisco, supra,* 48 Cal.App.3d 575, 581, the underlying and salutary purposes served by the claims statutes were enunciated as follows: "[O]ne of the reasons for this type of legislation is to prevent public funds from being consumed in needless litigation by affording the public entity an opportunity for amicable adjustment before it is charged with the cost of suit and other expenses. Another reason is that it provides the public body responsible for making preparations for the fiscal year with an opportunity to be informed in advance as to the indebtedness or liability that it may be expected to meet. A third reason is to give the public entity prompt notice of a claim in order to enable it to investigate the merits of the claim while the evidence is still fresh and the witnesses are available [citations]. The fourth reason is to afford the public entity a chance to correct the conditions or practices which gave rise to the claim. This latter circumstance is especially significant in light of the fact that public entities own and operate a variety of public properties (e.g., parks, playgrounds, beach facilities, streets, sidewalks, public buildings, swimming pools, etc.), the dangerous condition of which creates liability in case the entity had actual or constructive notice of the dangerous condition and failed to take timely precautionary measures to remedy it [citation]."

In the case at bench it becomes clear that the defendant county was put on notice in September 1973, that plaintiff was charging it with negligence in both the supervision of the football game resulting in minor plaintiff's injuries, as well as negligence in the medical treatment of those injuries. When the petition was presented for leave to file a late claim, attached thereto was a copy of that claim. From that time the county was alerted to the need to exercise the alternatives outlined in *Stanley* v. *City and County of San Francisco, supra.*

There is no showing whatsoever that any of said county's rights were prejudiced or impaired by the premature filing of the original complaint. The defendant made no attempt to abate the prematurely filed action. When defendant filed its motion to strike and demurrer, the defect in the complaint arising from plaintiffs' failure to allege either the filing of a claim or relief from the provisions of the claims presentation statutes had been earlier cured by the order granting plaintiffs relief from the provisions of section 945.4 of the Government Code. It was then too late to raise such objection which, if timely raised, would have been a ground for abatement. (*Savage* v. *State of California, supra,* 4 Cal.App.3d 793; *Cory* v. *City of Huntington Beach, supra,* 43 Cal.App.3d 131.)

Defendant relies strongly on *Wilson* v. *People* ex rel. *Dept. Pub. Wks.* (1969) 271 Cal.App.2d 665 [76 Cal.Rptr. 906]. In *Wilson,* plaintiff filed a suit for damages for personal injuries against several named public entities as well as a number of defendants under fictitious names. She alleged in her complaint that she had complied with the claims statute. Actually, no claim whatever had been presented to the State of California, which was not a named defendant in the action.

After the filing of the complaint she successfully petitioned the superior court for an order relieving her from compliance with the claims statute. Thereafter, she served the State of California, as Doe I, with a copy of the summons and complaint. The papers were served *after* the expiration of the *30-day period* prescribed by section 946.6, subdivision (f) of the government Code.

A demurrer by the State of California, to her complaint, on the ground of insufficiency was sustained and the complaint dismissed against the State of California. While there are some features in *Wilson* similar to those present in the case at bench, for instance the late filing of the complaint, there are also sound and substantial grounds for distinguish-

ing it from the case at bar, including the *Radar, Savage* and *Cory* cases, *supra*:

(1) In *Wilson* the State of California was not named or identified as a defendant in the original complaint. In the case at bar the County of Merced was named and charged therein with negligence.

(2) No claim had been previously presented or permission requested to file a late claim with the Board of Control of the state prior to the filing of the original complaint in *Wilson*. In the case at bench prior to the filing of the original complaint a petition was filed with the defendant asking leave to file a late claim, *to which was attached a copy of the proposed late claim.*

(3) Even more to the point, the rule of strict construction employed in *Wilson* has been largely eroded by the liberal construction accorded the claims statute in *Cory* and *Savage, supra,* particularly as it relates to the premature filing of complaints and to the fulfillment of the statutory purposes *by means other than strict compliance* with the statute itself.

### ■ PLAINTIFFS WERE ENTITLED TO PLEAD IN THEIR AMENDED COMPLAINT THE TWO CAUSES OF ACTION THEREIN.

In plaintiffs' proposed claim, filed with the board of supervisors as part of their petition to file a late claim, they stated that the minor plaintiff was injured during a football game between the junior varsity teams of the Los Banos High School and Sonora High School. They stated that said game was a part of a program sponsored and conducted by the County of Merced. In said claim it was asserted that the agents, servants and employees of said county were charged with negligence, omissions and failures in (1) the selection, planning, operation, control, staffing and supervision of the program under which said game was being played, and (2) the medical care program which was an integral part of the foregoing program . . . resulting in severe and permanent injuries to the minor. Both causes of action alleged in the first amended complaint *relate to matters* described in the plaintiffs' claim. (Gov. Code, § 946.6.)

It is true that in the original complaint, a single cause of action for negligent medical care and treatment was alleged. It arose, however, from *and relates to* the same accident which was described in that

complaint. The remaining question is whether or not by virtue of the omission from the original complaint of the cause of action alleging negligence resulting in the initial injury, plaintiff may plead such cause of action in the amended complaint after the expiration of the 30-day statutory period.

In *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596 [15 Cal.Rptr. 817, 364 P.2d 681], the court reviewed at length and *refused to follow* the early authorities which barred the filing of amended pleadings after the running of a statute of limitations in cases based on a change of legal theory. "The modern rule with respect to actions involving parties designated by their true names in the original complaint is that, where an amendment is sought after the statute of limitations has run, the amended complaint will be deemed filed as of the date of the original complaint provided recovery is sought in both pleadings on *the same general set of facts*. [Citations.] This rule is the result of a development which, in furtherance of the policy that cases should be decided on their merits, gradually broadened the right of a party to amend a pleading without incurring the bar of the statute of limitations." (56 Cal.2d at p. 600.) (Italics added.)

Later in the same opinion the court stated: "The rule which makes relation back of an amendment dependent upon whether recovery is sought on the same general set of facts as those alleged in the original complaint is in accordance with the basic principle of code pleading that a litigant need only allege the facts warranting recovery. [Citations.] The results required by this rule may be reached under the 'wholly different cause of action' test by interpreting the term 'cause of action' as referring to the facts upon which the *rights of action* are based rather than the rights or obligations arising therefrom (see Clark on Code Pleading, [(2d ed. 1947)] p. 731), but the term has been used so often to mean legal liability or obligation that its use in connection with the problem of relation back of amendments results in confusion and undue restrictions of the right to amend." (56 Cal.2d at p. 601.) (Italics added.)

In a footnote it quoted with approval from the Federal Rules of Civil Procedure which provide that whenever the claim asserted in the amended pleading: "[A]rose out of the conduct, transaction, or occurrence *set forth or attempted to be set forth* in the original pleading, the

amendment relates back to the date of the original pleading." (28 U.S.C.A. rule 15, subd. (c).) (Italics added.)

*Austin* v. *Massachusetts Bonding & Insurance Co., supra,* 56 Cal.2d at page 603, was cited with approval in *Barnes* v. *Wilson* (1974) 40 Cal.App.3d 199, 204 [114 Cal.Rptr. 839], as follows: "Whether an amendment states a cause of action based on 'the same general set of facts' as alleged in the original complaint is often a close question. However, recent decisions have *liberally construed* a plaintiff's right to amend his pleadings without incurring the bar of the statute of limitations so that cases may be decided on their merits. In *Grudt* v. *City of Los Angeles, supra,* 2 Cal.3d 575, 584, the original complaint named two police officers of the City of Los Angeles as defendants in a wrongful death action. After the expiration of the one-year statutory period, plaintiff sought to amend by stating a cause of action against the city alleging that the city was liable for negligently retaining the officers after it knew or should have known that they were prone to violence. The Supreme Court reversed the trial court order striking the amendment, stating both the count against the officers and the count against the city 'recite the same acts by [the officers] as the gravamen of the action, and recovery is sought in both counts to compensate plaintiff for the loss of her husband.' (At p. 584.)" (Italics added.)

As early as September 1973, the defendant county was fully informed of the claim giving rise to the two causes of action alleged in the first amended complaint. It suffered no prejudice by the amended pleading incorporating both of said causes of action. Additionally, it should be pointed out that *both causes of action arose out of the same occurrence and that both are based on the negligent conduct of the defendant county.* The liberal posture adopted by our courts in recommending that technical and arbitrary rules of pleading be disregarded and that cases should be decided "on the merits," is applicable here. The rule enunciated almost 60 years ago by Justice Cardozo in *Wood* v. *Lucy, Lady Duff-Gordon* (1917) 222 N.Y. 88 [118 N.E. 214], should be applied: "The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman and every slip was fatal."

Because the foregoing rulings are dispositive of this appeal, we deem it unnecessary to consider additional grounds for reversal presented in plaintiffs' briefs.

The order granting the motion to strike the first amended complaint and sustaining defendant County of Merced's demurrer without leave to amend, and the judgment entered thereon, are reversed.

Franson, Acting P. J., and Zeff, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.