[No. A092381. First Dist., Div. Three. Oct. 29, 2001.]

MICHAEL ARD, Plaintiff and Appellant, v.
COUNTY OF CONTRA COSTA, Defendant and Respondent.

**COUNSEL**

Walkup, Melodia, Kelly & Echeverria, Michael A. Kelly, Michael J. Recupero and Khaldoun A. Baghdadi for Plaintiff and Appellant.

Craddick, Candland & Conti and Thomas G. Manning for Defendant and Respondent.

**OPINION**

**PARRILLI, J.**—The trial court sustained a demurrer to plaintiff's complaint against the County of Contra Costa (the County) on the ground that the action was time-barred by Government Code section 946.6.[1] In opposition to the demurrer, plaintiff claimed he substantially complied with section 946.6 and argued that the County was estopped from disputing timeliness of the action. Although the complaint was filed beyond the time limit of section 946.6, plaintiff's estoppel argument raised a factual issue inappropriate for

---

[1]All statutory references are to the Government Code.

determination on demurrer. We conclude the plaintiff should have had an opportunity to amend his complaint to allege equitable estoppel and accordingly reverse the judgment and remand for further proceedings.

BACKGROUND

In 1998, plaintiff, who suffers from bipolar disease and manic depression, resided at a substance abuse treatment facility called Diablo Valley Ranch. He received treatment from physicians employed by the County, including a Dr. Champlin. Dr. Champlin discontinued several of the medications that had been prescribed to treat plaintiff's disorders. Shortly thereafter, on August 8, 1998, plaintiff suffered severe injuries when he fell from a tree during a psychiatric episode.

On June 24, 1999, plaintiff applied to the County for leave to file a late claim pursuant to section 911.4, based on physical incapacity. The County rejected his application on July 27, 1999. On August 6, 1999, plaintiff simultaneously filed a "Petition for Order Permitting Late Claim Against Government Entity [Government Code section 946.6]" and a complaint against various named defendants plus "Does 1 through 100." The complaint did not name the County as a defendant. After a contested hearing, the court granted plaintiff's petition for relief under section 946.6 on November 23, 1999.

According to a declaration submitted in opposition to the County's demurrer, plaintiff's counsel had a conversation with counsel for the County shortly after plaintiff's petition was granted. She informed the County's attorney that she intended to submit a second Government Code claim to the County, wait for that claim to be rejected, and then file an amended complaint naming the County as a defendant. She wished to follow this procedure in order to plead compliance with the Government Code's claim filing requirements. Counsel for the County voiced no objection but advised plaintiff's counsel to serve the amended complaint directly on the County.

Plaintiff then served the County with a second claim on December 15, 1999, and it was rejected on January 18, 2000. Meanwhile, plaintiff prepared a stipulation for all counsel to sign regarding the filing of an amended complaint. This document stated: "By this stipulation, the counsel for the parties with full authority of their respective clients, hereby agree to substitute plaintiff's First Amended Complaint for the previous Complaint filed in the above-captioned action. Plaintiff's First Amended Complaint adds Defendant Contra Costa County." Counsel for the County signed this stipulation on January 25, 2000. On February 8, 2000, plaintiff filed the stipulation and an

amended complaint. The County then demurred, claiming the complaint was untimely because it was filed more than 30 days after the court granted plaintiff relief under section 946.6. The court sustained the County's demurrer without leave to amend, and this appeal followed.

DISCUSSION

I. *Timeliness of Suit Against County*

 "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity (Gov. Code, §§ 910, 912.4, 912.8, 945.4)." (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776 [39 Cal.Rptr.2d 860].) "Under Government Code section 945.4, presentation of a timely claim is a condition precedent to the commencement of suit against the public entity. However, if the injured party fails to file a timely claim, a written application may be made to the public entity for leave to present such claim. (Gov. Code, § 911.4, subd. (a).) If the public entity denies the application, . . . section 946.6 authorizes the injured party to petition the court for relief from the claim requirements." (*Id.* at p. 1777, fn. omitted.)

Of particular importance in this case, subdivision (f) of section 946.6 states: "If the court makes an order relieving the petitioner from Section 945.4, suit on the cause of action to which the claim relates shall be filed with the court within 30 days thereafter." One court has reasoned that subdivision (f) creates a limitations period, which courts cannot extend by granting petitioners leave to file a "late claim," to be followed by an even later complaint. Thus, the court held "under section 946.6 the trial court has no power to order the filing of a late claim, but only the power to allow a timely filing (within 30 days of the order) of a complaint without the filing of a claim at all. This is the plain meaning of the statute. As our Supreme Court stated in *Viles v. State of California* (1967) 66 Cal.2d 24, 27 [56 Cal.Rptr. 666, 423 P.2d 818], footnote 2 [56 Cal.Rptr. 666, 423 P.2d 818]: 'In 1965 section 912 was repealed, and a new procedure for obtaining judicial relief is set forth in section 946.6 of the Government Code. The petition to the superior court, after rejection of the application to the public entity to present a late claim, is now a petition for *relief from having to present any claim at all instead of one for leave to present a late claim.* If relief is granted, *suit must be filed* in the granting court within 30 days after the order.' (Italics added.)" (*Tuolumne Air Service, Inc. v. Turlock Irrigation Dist.* (1978) 87 Cal.App.3d 248, 251-252 [150 Cal.Rptr. 809] (*Tuolumne*).)

Here, the court signed an order—prepared by plaintiff's counsel—stating that "the petition for an order permitting a late claim against governmental

entity is GRANTED . . . ." However, as plaintiff apparently now recognizes, the relief he obtained under section 946.6 was not the ability to file a late claim against the County, but the right to file a negligence action against the County without having to satisfy Government Code claim filing requirements. (*Tuolumne, supra,* 87 Cal.App.3d at pp. 251-252.) Subdivision (f) of section 946.6 required him to file such an action within 30 days after the court granted his petition, i.e., no later than December 23, 1999. Because plaintiff did not file the amended complaint naming the County as a defendant until February 8, 2000, his suit was time-barred. (§ 946.6, subd. (f); *Tuolumne, supra,* at p. 252.)

As he argued below, plaintiff contends his substantial compliance with the Government Code provisions should excuse the late filing. He maintains that the primary authority relied on by the trial court in sustaining the demurrer, *Wilson v. People ex rel. Dept. of Public Works* (1969) 271 Cal.App.2d 665 [76 Cal.Rptr. 906] (*Wilson*), has been disapproved in subsequent cases.

In *Wilson*, the plaintiff filed a complaint against two defendants and later sought leave to file a late claim against the State of California. (*Wilson, supra,* 271 Cal.App.2d at p. 667.) When the state denied her request, she obtained relief from the court under section 946.6. The plaintiff did not file suit against the state within 30 days after this court order, but shortly thereafter she served a copy of her original complaint on the state as "Doe I." (*Wilson, supra,* at p. 667.) The state successfully demurred to the complaint as untimely, and the plaintiff appealed, claiming that service of her complaint on the state as a Doe defendant related back to the time of filing of the original complaint. (*Id.* at pp. 667-668.) In rejecting this argument, the Court of Appeal observed that the plaintiff's original complaint failed to state a cause of action against the state as a Doe because it failed to allege compliance with Government Code claim filing requirements, which are a statutory prerequisite to any action for damages brought against the State of California. (*Id.* at pp. 668-669.)

Cases after *Wilson* disagreed with its reasoning that compliance with claim requirements is an essential element of a cause of action for damages against a public entity, such that no complaint may be filed against a public entity until such procedures are followed or excused. In *Savage v. State of California* (1970) 4 Cal.App.3d 793 [84 Cal.Rptr. 650], the plaintiff filed a complaint against the state alleging that her application for leave to file a late claim was pending. After the court granted her petition for relief under section 946.6, she filed a "Supplement to Complaint" describing this event. (*Savage v. State of California, supra,* at p. 795.) Given that the plaintiff had previously filed a complaint against the state, and was later relieved of the

necessity of filing a claim, the court concluded a second complaint was unnecessary. (*Id.* at pp. 796-797.) Similarly, in *Cory v. City of Huntington Beach* (1974) 43 Cal.App.3d 131 [117 Cal.Rptr. 475, 73 A.L.R.3d 1012], the plaintiff filed suit against the city before the city had taken action on his claim. In reliance on *Radar v. Rogers* (1957) 49 Cal.2d 243 [317 P.2d 17], the Court of Appeal held that rejection of a claim is not a substantive element of a cause of action against a public entity, and the complaint should not have been dismissed on this ground. (*Cory v. City of Huntington Beach, supra,* at pp. 135-136.)

In *Bahten v. County of Merced* (1976) 59 Cal.App.3d 101 [130 Cal.Rptr. 539], the plaintiffs filed suit against a public entity while their petition for leave to file a late claim was still pending. The complaint did not allege compliance with Government Code claim procedures. (*Id.* at p. 104.) The plaintiffs then obtained a court order under section 946.6 relieving them of claim filing requirements, and they described this development in an amended complaint. (*Bahten v. County of Merced, supra,* at p. 104.) Although the plaintiffs filed the first amended complaint more than 30 days after the court order under section 946.6, the Court of Appeal determined that the 30-day limitation period (§ 946.6, subd. (f)) is satisfied when a complaint against the public entity is already on file when the order is made. (*Bahten v. County of Merced, supra,* at p. 112.) The court distinguished *Wilson* because: (1) the state was not named or identified as a defendant in the original *Wilson* complaint; (2) no claim was presented to the state before the filing of the first complaint in *Wilson*; and (3) "the rule of strict construction employed in *Wilson* has been largely eroded by the liberal construction accorded the claims statute in *Cory* and *Savage, supra,* particularly as it relates to the premature filing of complaints and to the fulfillment of the statutory purposes by means other than strict compliance with the statute itself." (*Bahten v. County of Merced, supra,* at p. 113, italics omitted.)

More recently, in *Bell v. Tri-City Hospital Dist.* (1987) 196 Cal.App.3d 438 [241 Cal.Rptr. 796], the plaintiffs filed a complaint against only fictitiously named defendants. They subsequently petitioned a public entity, Tri-City, for leave to file a late claim. After this petition was denied, the plaintiffs filed a first amended complaint against several defendants. Although Tri-City was not listed in the caption of this complaint, or mentioned in its preliminary allegations, it was named as a defendant in one cause of action, which set forth the basis of its alleged liability. (*Id.* at p. 441.) The plaintiffs successfully obtained relief from claim filing requirements under section 946.6 and, more than 30 days later, amended their complaint again to name Tri-City as a Doe defendant. (*Bell v. Tri-City Hospital Dist., supra,* at p. 442.) The Court of Appeal concluded that even though Tri-City had not

been properly included in the first amended complaint's caption, the complaint alleged a cause of action against Tri-City. (*Id.* at pp. 445-446.) Although the complaint was premature because it did not allege compliance with claim filing procedures, this defect did not require dismissal. (*Id.* at pp. 444-445.) On this point, the court observed: "[W]e believe *Wilson* can no longer be relied on for the proposition that compliance with the tort claims procedures is an element of a cause of action against a public entity and, therefore, that a complaint naming a public entity cannot be filed before compliance is either achieved or excused. [Citations.]" (*Id.* at p. 444.)

The facts here differ significantly from all of the above described cases in that plaintiff's initial complaint *did not name the County as a defendant* or allege any liability of the County. Plaintiff here cannot be said to have filed a "premature complaint" against the County, deficient only in its failure to allege compliance with claim filing procedures. Rather, the first civil filing against the County in this matter occurred on February 8, 2000, when plaintiff simultaneously filed the first amended complaint and its related stipulation. Because this filing took place more than 30 days after the court order granting relief under section 946.6, it was untimely.

The cases involving premature complaints did not disturb the relevance of *Wilson*'s holding when an earlier complaint does not name the public entity as a defendant. These cases were grounded in the liberality traditionally afforded to plaintiffs seeking relief from claim filing statutes. ▮ But, "[w]hile the procedure for granting relief from the claims statutes is remedial in nature and must be liberally construed in favor of the claimant, such liberality does not extend to the statute of limitations. [Citation.] The prescribed statutes of limitation for commencement of actions against the state and its political subdivisions are mandatory and must be strictly complied with. [Citations.]" (*Rivera v. City of Carson* (1981) 117 Cal.App.3d 718, 726 [173 Cal.Rptr. 4]; see also *Tuolumne, supra,* 87 Cal.App.3d at p. 252.) ▮ Plaintiff directs us to no authority holding that "substantial compliance" may excuse a filing beyond the deadline of section 946.6, subdivision (f), and such a rule is obviously contrary to this rule of strict compliance with statutes of limitations.

## II. *Equitable Estoppel Based on County's Conduct*

▮ Although we have concluded plaintiff's action against the County was untimely, plaintiff asserted a potentially valid defense against the limitations bar when he claimed he was deceived by the County's conduct into filing a late claim.

▮ "It is well settled that a public entity may be estopped from asserting the limitations of the claims statute where its agents or employees have

prevented or deterred the filing of a timely claim by some affirmative act. [Citations.]" (*John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 445 [256 Cal.Rptr. 766, 769 P.2d 948].) "The purpose of the requirement that claims be filed is to provide the public entity with full information concerning rights asserted against it, so that it may settle those of merit without litigation. Therefore, the public entity cannot frustrate a claimant's ability to comply with the statutes enacted for its benefit and then assert noncompliance as a defense. [Citation.]" (*Christopher P. v. Mojave Unified School Dist.* (1993) 19 Cal.App.4th 165, 172 [23 Cal.Rptr.2d 353].)

This rule has generally been applied in the context of a plaintiff's failure to file a claim against a public entity in accordance with the claim filing statutes. (E.g., *Christopher P. v. Mojave Unified School Dist., supra,* 19 Cal.App.4th at p. 170; *Munoz v. State of California, supra,* 33 Cal.App.4th at p. 1778.) We have found no case discussing applicability of estoppel principles to the statute of limitations set forth in section 946.6, subdivision (f).[2] However, we see no reason why principles of equitable estoppel should not also apply when a public entity's conduct prevents a plaintiff from filing suit within the 30-day window established by section 946.6, subdivision (f). As the Supreme Court has observed, "the policy considerations with respect to estoppel to assert the statute of limitations are the same as those relating to estoppel to assert the claim statute." (*Fredrichsen v. City of Lakewood* (1971) 6 Cal.3d 353, 357 [99 Cal.Rptr. 13, 491 P.2d 805].) Moreover, estoppel has long been recognized as a defense to the bar of the statute of limitations. (See *Carruth v. Fritch* (1950) 36 Cal.2d 426, 433-434 [224 P.2d 702, 24 A.L.R.2d 1403]; 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 685, p. 872.)

In this appeal, plaintiff urges us to hold that the County is estopped from claiming the first amended complaint is time-barred. He relies on discussions between his counsel and the County's attorney regarding the filing of a second Government Code claim and the County's stipulation to the filing of a first amended complaint. In response, the County argues that its attorney's mere silence upon learning of opposing counsel's intention to file a second claim cannot give rise to an estoppel. We do not resolve this dispute because "[t]he existence of an estoppel is generally a question of fact for the trial court . . . ." (*Cole v. City of Los Angeles* (1986) 187 Cal.App.3d 1369, 1374 [232 Cal.Rptr. 624].) The trial court here made no findings on the question of estoppel, because such a factual determination would have been inappropriate at the demurrer stage. (5 Witkin, Cal. Procedure (4th ed.

---

[2]Although the argument was made in *Rivera v. City of Carson, supra,* 117 Cal.App.3d at page 727, the appellate court refused to address it because the point had not been properly raised in the trial court.

1997) Pleading, § 900, p. 358 ["[T]he demurrer tests the pleading alone, and not the evidence or other extrinsic matters . . . ."].)

The trial court's decision to sustain the County's demurrer despite a claim of estoppel might have been justified by plaintiff's failure to allege the facts constituting an estoppel in his first amended complaint. ■ "Estoppel must be pleaded and proved as an affirmative bar to a defense of statute of limitations." (*Munoz v. State of California, supra,* 33 Cal.App.4th at p. 1785.) However, in opposing the County's demurrer, plaintiff specifically requested leave to amend his complaint to allege equitable estoppel on the part of the County. The court did not address this request at oral argument or in the subsequent order. ■ "Ordinarily it is an abuse of discretion to sustain a general demurrer to a complaint without leave to amend if there is a reasonable possibility the defect in the complaint can be cured by amendment. [Citations.]" (*Smith v. County of Kern* (1993) 20 Cal.App.4th 1826, 1830 [25 Cal.Rptr.2d 716].) ■ We believe the plaintiff should have been given an opportunity to amend his complaint to plead the facts that allegedly give rise to an estoppel by the County. Accordingly, we remand to allow such further proceedings. (See *John R. v. Oakland Unified School Dist., supra,* 48 Cal.3d at p. 446.)

## DISPOSITION

The judgment of dismissal is reversed. On remand, the trial court is directed to allow the plaintiff leave to amend the complaint to allege equitable estoppel. Costs awarded to appellant.

McGuiness, P. J., and Corrigan, J., concurred.