130 Cal.Rptr.2d 94 (2003)
105 Cal.App.4th 1008
STATE OF CALIFORNIA et al., Petitioners,
v.
SUPERIOR COURT, County of Kings, Respondents.
Bernard Bodde, Real Party in Interest.
No. F040111.
Court of Appeal, Fifth District.
January 29, 2003.
Review Granted May 14, 2003.
*95 David Carrasco, for Petitioners.
No Appearance for Respondent.
Law Office of Kim D. Scovis, Kim D. Scovis and Jenny Scovis, Thousand Oaks, for Real Party in Interest.

OPINION
ARDAIZ, P.J.
Plaintiff Bernard Bodde was a prison inmate who sued the State of California and various state employees.[1] His third amended complaint alleged that while in prison he was diagnosed as having tuberculosis, when in fact he was actually suffering from lung cancer. The pleading included allegations against the State for intentional infliction of emotional distress (second count), violation of Government Code section 845.6 (third count), negligence (fourth count) and "negligence per se" (presented as a fifth count, but erroneously denominated in the third amended complaint as plaintiffs second "fourth count"). The State demurred to the second through fifth counts. The trial court overruled the demurrer. The State petitioned this court for writ of mandate. This court issued an order to show cause. The State asks us to direct the superior court to issue an order sustaining the State's demurrer to Bodde's second through fifth causes of action. As we shall explain, the trial court did not err in overruling the demurrer. We publish in order to reaffirm our statement in Bahten v. County of Merced (1976) 59 Cal.App.3d 101, 130 Cal. Rptr. 539, that "Compliance With the Tort Claims Act Is a Procedural Prerequisite; It Neither Creates, Nor Is an Element of a Cause of Action for Tort Against a Government Entity." (Id. at p. 107, 130 Cal. Rptr. 539.)

THE COURT DID NOT ERR IN OVERRULING THE STATE'S DEMURRER
The grounds for demurrer to a complaint are set forth in subdivisions (a) through (i) of Code of Civil Procedure section 430.10. The ground set forth in subdivision (e) is: "The pleading does not state facts sufficient to constitute a cause of action." The State's demurrers to Bodde's second through fifth causes of action were made on three purported grounds. These were that each count: (1) "fails to state facts sufficient to constitute a cause of action;" (2) "is barred by the plaintiffs failure to comply with Government Code section 900 et seq.;" and (3) "is barred by the statute of limitations." Although being barred by the statute of limitations is not a specifically listed ground in Code of Civil Procedure section 430.10 for demurrer, case law has held that a complaint will be *96 deemed to fail to state facts sufficient to constitute a cause of action when the complaint shows, on its face, that the cause of action sought to be alleged is barred by the applicable statute of limitations. (See, e.g., Jessica H. v. Allstate Ins. Co. (1984) 155 Cal.App.3d 590, 592, 202 Cal.Rptr. 239, and 5 Witkin, Cal. Procedure (4th ed. 1997) "Pleading," § 915.) But "failure to comply with Government Code section 900 et seq." is not a recognized ground for demurrer. The State's contention in the superior court was, and again in this court is, that its demurrer to Bodde's second through fifth counts should have been sustained because Bodde has failed to plead that he complied with the requirements of the Tort Claims Act (Gov.Code, § 900 et seq.). Specifically, the State argues that Bodde has failed to allege that he filed a claim with the State Board of Control before filing the instant civil action. (See Gov.Code, §§ 911.2 (re time of presentation of claim), 915 (re manner of presentation of claim) and 950.2 (action against public employee also barred if no claim made against employing public entity)). The State raises no argument in support of either its "failure to state facts" ground or its statute of limitations ground.
More than 25 years ago, this court held in Bahten v. County of Merced, supra, 59 Cal.App.3d 101, 130 Cal.Rptr. 539, that "Compliance With the Tort Claims Act Is a Procedural Prerequisite; It Neither Creates, Nor Is an Element of a Cause of Action for Tort Against a Government Entity." (Id. at p. 107, 130 Cal. Rptr. 539.) Other cases have agreed. "[Compliance with the tort claims prerequisites, being merely a procedural prerequisite to suit and not an element of a cause of action, need not be alleged in the complaint." (Bell v. Tri-City Hospital Dist. (1987) 196 Cal.App.3d 438, 241 Cal.Rptr. 796.) It is true that some cases have held otherwise. In Wilson v. People ex ret. Dept. Pub. Wks. (1969) 271 Cal.App.2d 665, 76 Cal.Rptr. 906, the court stated "[p]aintiffs original complaint failed to state a cause of action against the State of California as a Doe, because it failed to allege what it could not in fact allegecompliance with the statutory procedure for the presentation of a claim as a prerequisite to an action for damages against the State of California." (Id. at p. 668, 76 Cal.Rptr. 906.) See also Dujardin v. Ventura County Gen. Hosp. (1977) 69 Cal.App.3d 350, 355, 138 Cal.Rptr. 20 ("[t]imely compliance with the claim filing requirements and rejection of the claim by the government agency must be pleaded in a complaint in order to state a cause of action"); and California Government Tort Liability Practice (4th ed. 2002), § 5.17. But "[c]ases after Wilson disagreed with its reasoning that compliance with the claim requirements is an essential element of a cause of action for damages against a public entity" (Ard v. County of Contra Costa (2001) 93 Cal.App.4th 339, 344, 112 Cal. Rptr.2d 886.) One of those cases after Wilson is our decision in Bahten, supra, in which we reversed a judgment entered after the superior court had sustained a public entity's demurrer without leave to amend. We see no good reason for not continuing to follow Bahten here. "[W]e believe Wilson can no longer be relied on for the proposition that compliance with the tort claims procedures is an element of a cause of action against a public entity and, therefore that a complaint naming a public entity cannot be filed before compliance is either achieved or excused." (Bell v. Tri-City Hospital Dist, supra, 196 Cal. App.3d at p. 444, 241 Cal.Rptr. 796.) " "The defense that suit was commenced before the presentation and rejection of claim "is simply matter of abatementa defense which is not favored, and must be made by plea, and in proper time, or it is waived."'" (Cory v. City of Huntington Beach (1974) 43 Cal.App.3d 131, 135, 117 Cal.Rptr. 475, quoting from Radar v. Rogers *97 (1957) 49 Cal.2d 243, 250, 317 P.2d 17.)[2] The Tort Claims Act contemplates that a "cause of action accrue before [the] claim can even be filed." (Cory v. City of Huntington Beach, supra, 43 Cal.App.3d at p. 135,117 Cal.Rptr. 475.)
The parties expend considerable effort addressing the question of whether the facts actually alleged in Bodde's third amended complaint do or do not adequately allege that the State is estopped from asserting the Tort Claims Act claims filing requirements as a defense to Bodde's action.[3] The State also asks us, as it asked the superior court, to consider matters contained in declarations filed in the superior court. This is inappropriate. A demurrer is a test of the adequacy of the pleading. (Blank v. Kirwan (1985) 39 Cal.3d 311, 318, 216 Cal.Rptr. 718, 703 P.2d 58.) The superior court judge recognized this when he told the State's counsel at the hearing on the demurrer: "I'm not concerned about what the facts are going to be at some hearing in the future; I'm just concerned about what the facts are which are alleged in the complaint." If the facts are undisputed, the State can raise its defense of noncompliance with the Tort Claims requirements on a motion for summary judgment and/or at trial.

DISPOSITION
This court's August 1, 2002 stay of further proceedings in the trial court is vacated. The order to show cause is discharged. The petition for writ of mandate is denied.
WE CONCUR: VARTABEDIAN and CORNELL, JJ.
NOTES
[1] The petitioners, who are named as defendants in Bodde's third amended complaint, are (1) the State of California, (2) California Department of Corrections, (3) California State Prison-Wasco, (4) California Correction Institution, (5) Centinela State Prison, (6) Corcoran State Prison, (7) Michael Songer, M.D., (8) Charles Pickett, M.D., (9) Rajindra S. Sethi, M.D., (10) Neil E. Fond, M.D., (11) Sarv Mittar Grover, M.D., and (12) John Moor, M.D. Under the Tort Claims Act, a claim against "the State" or "any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn from the Controller" constitutes a claim against the "State." (See Gov.Code, § 900.6.) Under Government Code section 950.2, a tort cause of action against a public employee is barred if an action against the employing public entity is barred under the Tort Claims Act. We will refer to all the petitioners collectively as "the State."
[2] We also readily acknowledge that even postBahten cases from this court have stated, without making any mention of Bahten, that a complaint is subject to a general demurrer if the plaintiff does not allege compliance with the Tort Claims Act or circumstances excusing compliance. See Snipes v. City of Bakersfield (1983) 145 Cal.App.3d 861, 865, 193 Cal.Rptr. 760, and Dilts v. Cantua Elementary School Dist. ((1987) 189 Cal.App.3d 27, 31, 234 Cal.Rptr. 612.) We disapprove of Snipes and Dilts to the extent that they are inconsistent with Bahten and with our holding in the present case.
[3] See John R. v. Oakland Unified School Distr. (1989) 48 Cal.3d 438, 256 Cal.Rptr. 766, 769 P.2d 948, Driscoll v. City of Los Angeles (1967) 67 Cal.2d 297, 61 Cal.Rptr. 661, 431 P.2d 245, and Ard v. County of Contra Costa, supra, 93 Cal.App.4th 339, 112 Cal.Rptr.2d 886. Paragraphs 17 through 19 of Bodde's third amended complaint alleged as follows:

"17. BODDE was required to make a claim against public entities pursuant to the California Government Code 910, et seq for the State Law claims. On June 19, 2000, BODDE submitted said claim to the Attorney General, who represented that they were authorized to accept service for the State Board of Control for the State of California. BODDE's counsel were led to believe that they were serving the State Board of Control.
"18. On June 19, 2000, BODDE'S counsel received telephonic notice that there were small errors contained in the original claim and was requested to file an Amended Claim. BODDE'S counsel believed she was speaking with the State Board of Control. A First Amended Claim was filed on or about June 20,2000, again with the Attorney General as an Agent of the Attorney General represented to Plaintiff's counsel that she would accept service of said amended claim, and that the requested changes would correct any errors concerning said claim.
"19. Subsequent to one year from December 21, 1999, Plaintiff's counsel learned through their attorney service that the attorney general had been served rather than the State Board of Control. The attorney sendee was lead [sic] to believe that he was serving the proper entity from the acceptance of service by the Attorney General, as well as remarks regarding the same from the Attorney General."