**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARY MILLIGAN, individually and on behalf of all others similarly situated,

Plaintiff - Appellant,

v.

AMERICAN AIRLINES, INC.,

Defendant - Appellee.

No. 08-55276

D.C. No. CV-07-03688-R

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted April 15, 2009
Pasadena, California

Before: CANBY, RAWLINSON, and N.R. SMITH, Circuit Judges.

Mary Milligan appeals (1) the district court order denying leave to amend

her complaint to add California Labor Code Private Attorneys General Act

("PAGA") claims alleging § 226(a) violations and (2) the order granting American

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Airlines ("American") summary judgment for Milligan's failure to present a genuine dispute of material fact with respect to § 226(e) injury.[1]

1. The district court abused its discretion by denying Milligan leave to add her § 226 PAGA claims. *See Brothers Records, Inc. v. Jardine*, 318 F.3d 900, 911 (9th Cir. 2003). These claims "share a common core of operative facts" with her § 226(e) claims (American's alleged § 226(a) violations). *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008). Therefore, the § 226 PAGA claims relate back to the original complaint. *See id.*

Contrary to the district court's decision, Federal Rule of Civil Procedure 15(c) controls, not *Wilson v. People*, 76 Cal. Rptr. 906 (Cal. Ct. App. 1969). *See id.* at 908 (discussing California procedural rule and holding "the rule of relation back does not operate to assign the performance of a condition precedent to a date prior to its actual occurrence"); *Hanna v. Plumer*, 380 U.S. 460, 471 (1965) ("When a situation is covered by one of the Federal Rules . . . the [district] court . . . appl[ies] the Federal Rule" unless the "Advisory Committee, [the Supreme] Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.").

---

[1]In *Milligan v. Am. Airlines, Inc.*, 327 F. App'x 694, 695 (9th Cir. 2009), we deferred deciding these appeal issues. The automatic stay on American's bankruptcy no longer bars us from adjudicating the deferred issues.

On remand, the district court must determine whether the PAGA claims are viable.

2. We review de novo the district court's order granting a motion for summary judgment. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). American's alleged § 226(a) violations did not injure Milligan. *See* Cal. Lab. Code § 226(e). "The injury requirement . . . cannot be satisfied simply because one of the nine itemized requirements in [§ 226(a)] is missing from a wage statement." *Price v. Starbucks Corp.*, 122 Cal. Rptr. 3d 174, 179 (Cal. Ct. App. 2011).

a. Performing simple math to determine § 226(a)-required information from figures on the wage statement does not constitute injury. *Id.* Thus, even if Milligan had to divide her total pay for the period by her hours worked during the period to compute her hourly rate, she did not suffer a § 226(e) injury.

b. Milligan argues that having to "dig out" § 226(a)-required information omitted from her wage statements constitutes injury. However, assuming that merely having to look up an address constitutes injury, Milligan did not present evidence that she had to consult extrinsic sources to determine American's address during the time American issued the challenged wage statements. Moreover, she knew the address from memory at her deposition.

3

**REVERSED** and **REMANDED** in part, **AFFIRMED** in part. The parties

shall bear their own costs.